451 A.2d 445

**L. HAFT, Robert Hayden, W. Tandaric, Herman E. Wandrei, E.E. Stiegerwald, and Anthony Rustic, on behalf of themselves and all other similarly situated persons who were within six years before the filing of this action management employees of United States Steel Corporation at Edgar Thomson, Irvin, Vandergrift, or Homestead Works of Eastern Steel, who occupied, when so formerly employed, foreman or general turn foreman positions (excluding general foremen) or other equivalent management positions below the level of general supervisor in staff and service departments and who, while so formerly employed, were eligible for but not paid overtime and Sunday and holiday compensation provided for such employees by United States Steel Corporation, Appellants,**

v.

**UNITED STATES STEEL CORPORATION.**

Superior Court of Pennsylvania.

Argued April 30, 1981.

Filed April 12, 1982.

Reargument Denied July 21, 1982.

Petition for Allowance of Appeal Denied Nov. 16, 1982.

110

Henry G. Beamer, III, Pittsburgh, for appellants.

James T. Carney, Pittsburgh, for appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in: (1) applying the three-year statute of limitations of the Wage Payment and Collection Law[1] to their claim; and (2) denying their motion for class action certification. We agree and, accordingly, reverse and remand for proceedings consistent with this opinion.

Appellants filed a class action in assumpsit on June 26, 1979, seeking to collect payments for certain Sunday, holiday, and overtime work performed for appellee, United States Steel Corporation. Appellants are retired foremen and management personnel below the level of general supervisor, who allege they were eligible for but not paid the compensation. They seek to represent a class of similarly-situated employees at appellee's Edgar Thomson, Irvin, Vandergrift, and Homestead Works. After a class certification

1. Act of July 14, 1961, P.L. 637, § 1 *et seq.,* as amended, 43 P.S. § 260.1 *et seq.*

hearing on July 23, 1980, the lower court granted appellee's motion for partial summary judgment, holding that appellants' claims were partially barred by a three-year statute of limitations, and denied appellants' motion for class certification. This appeal followed.[2]

## I.

■ Appellants contend the lower court erred in applying the three-year statute of limitations of the Wage Payment and Collection Law (Wage Law) to their claim. We agree. The lower court applied this statute of limitations on the ground that the Wage Law is the exclusive remedy for the collection of "wages" as defined in that act. 43 P.S. §§ 260.2a, 260.9a. Our Court specifically rejected such an interpretation in the companion case of *Todora v. Jones & Laughlin Steel Corp.*, 304 Pa.Superior Ct. 213, 450 A.2d 647 (1982). Consequently, appellants' action may properly proceed in assumpsit, subject to the appropriate statute of limitations. Accordingly, we reverse the lower court's application of the statute of limitations.

## II.

■ Appellants contend also that the lower court abused its discretion in denying their motion for class certification. We agree. The Pennsylvania Rules of Civil Procedure specify five requirements for class certification—numerosity, commonality, typicality, adequacy of representation, and fairness and efficiency. Pa.R.Civ.P. 1702. They specify also certain criteria the court must consider in determining the last two of these requirements. Pa.R.Civ.P. 1708, 1709. A lower court's order concerning class certification is a mixed finding of law and fact and will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion in applying them. *Janicik v. Prudential Insurance Co. of America*, 305 Pa.Superior Ct. 109, 451 A.2d 445 (1982). In a class certification hearing the

2. An order denying class certification is a final and appealable order. *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975).

burden of proof is upon the party seeking such certification. *Id. Accord, Klemow v. Time, Inc.,* 466 Pa. 189, 352 A.2d 12 (1975), *cert. denied,* 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976); *Scott v. Adal, Corp.,* 276 Pa.Superior Ct. 459, 419 A.2d 548 (1980). The lower court held that the requirements of numerosity, commonality, and typicality were satisfied, but it denied certification on the grounds that appellants failed to prove the adequacy of their representation of the class and the fairness and efficiency of a class action in adjudicating this controversy.

### a. Adequacy of Representation

In determining whether the representative party "will fairly and adequately assert and protect the interests of the absent class members," Pa.R.Civ.P. 1702(4), the court must consider: (1) whether the attorney for the representative party will adequately protect the class's interests; (2) whether the representative parties have a conflict of interest in maintaining the action; (3) whether the representative parties "have or can acquire" adequate financial resources; and (4) "other matters" that may be relevant. Pa.R.Civ.P. 1709. The lower court held that none of these considerations supported the conclusion that appellants and their counsel would be adequate class representatives.

### 1. Attorney's Adequacy

In its pleadings, appellee expressly admitted appellants' counsel's adequacy to protect the absent class members' interests. The lower court reasoned, however, that appellee's admission could not be considered as evidence because appellee's attorney either would be reluctant to attack the competency of a fellow professional, or would chose not to demonstrate a known deficiency so that he could later take advantage of his opponents' lack of skill. Commentators have noted such concerns as inherent limitations on the adversary system's ability to expose and prevent ineffective advocacy. *See* Developments in the Law—Class Actions, 89 Harv.L.Rev. 1317, 1471 n.93 (1976) (collecting authorities). However, the lower court's refusal to consider the admission as evidence ignores the rules' requirement

that "averments of fact under 'Class Action Allegations' shall be deemed admitted unless denied in conformity with [Pa.R.Civ.P.] 1029." Pa.R.Civ.P. 1706. Courts may also infer the attorney's adequacy from the pleadings, briefs, and other material presented to the court, or may determine these warrant further inquiry. *Janicik v. Prudential Insurance Co. of America, supra. See Alessandro v. State Farm Mutual Automobile Insurance Co.,* 259 Pa.Superior Ct. 571, 581–82, 393 A.2d 973, 978 (1978), *rev'd in part on other grounds,* 487 Pa. 274, 409 A.2d 347 (1979). The lower court reasoned further that appellant's attorney should be deemed inadequate because appellants had not affirmatively disproved the possibility of collusion or conflict of interest on their attorney's part. As with conflicts of interest concerning the class representatives themselves, courts may consider the difficulty of proving a negative, and may generally presume that no conflict of interest exists unless otherwise demonstrated. *Janicik v. Prudential Insurance Co. of America, supra; Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Moreover, "[u]ntil the contrary is demonstrated, courts will assume that members of the bar are skilled in their profession." *Doglow v. Anderson,* 43 F.R.D. 472, 496 (E.D.N.Y.1968). *Accord, Janicik v. Prudential Insurance Co. of America, supra; Piel v. National Semiconductor Corp.,* 86 F.R.D. 357 (E.D.Pa.1980). The record here corroborates appellee's admission of appellants' attorney's ability to pursue this litigation. Nothing in the record suggests any collusion or conflict of interest. Accordingly, appellants' counsel should be deemed adequate to protect the absent class members' interests.

## 2. No Conflict of Interest

The lower court suggested many possible conflicts of interest or hidden collusive circumstances (such as family or financial ties to appellee) that appellants might have attempted to disprove.

Because of the difficulty of proving a negative, courts have generally presumed that no conflict of interest exists

unless otherwise demonstrated, and have relied upon the adversary system and the court's supervisory powers to expose and mitigate any conflict. *Wetzel v. Liberty Insurance Co., [supra]; Gilchrist v. Bolger,* 89 F.R.D. 402 (M.D.Ga.1981); *Sol S. Turnoff Drug Distributors, Inc. v. N.V. Nederlandsche Combinatie Voor Chemische Industrie,* [51 F.R.D. 227 (E.D.Pa.1970)]. *See also Herbst v. Able,* [4749 F.R.D. 286 (1970)] (no reason to suspect a conflict, those suggested are more academic than real).

*Janicik v. Prudential Insurance Co. of America, supra,* 305 Pa.Super. at 136–37, 451 A.2d at 459. Nothing in this record suggests the slightest conflict of interest in appellants' maintaining this action.

### 3. Adequate Financial Resources

■ The lower court held that appellants were required to affirmatively prove both the details of their fee arrangement with counsel and their ability to repay counsel should the class lose. However, a class proponent's burden at a class certification hearing is to present evidence of the facts from which the court can conclude that the certification requirements are met. A "prima facie showing shifts to the class opponent the burden of coming forward with contrary evidence, and absent such, would ordinarily satisfy the class proponent's burden." *Janicik v. Prudential Insurance Co. of America, supra,* 305 Pa.Superior Ct. at 130, 451 A.2d at 455. *Accord, Bell v. Beneficial Consumer Discount Co.,* 241 Pa.Superior Ct. 192, 360 A.2d 681 (1976) (after remand). If the attorney for the class representatives is ethically advancing costs to representatives of a generally impecunious class, the adequate financing requirement will ordinarily be met. *Janicik v. Prudential Insurance Co. of America, supra,* 305 Pa.Super. at 137–38, 451 A.2d at 459, 460. The record establishes that appellants' attorneys were ethically advancing costs, and that appellants were aware of and willing to bear their ultimate financial obligations. Appellee did not challenge class counsel's ability to bear the initial costs, the ethicality of the financing arrangement, or otherwise raise a question that the absent class members interests could be endan-

gered. Accordingly, we are satisfied of appellants' adequacy as class representatives in light of this consideration.

### 4. Other Matters

The lower court held that appellant Haft's residing in Benson, North Carolina, several hundred miles from the forum, precludes his being certified as a class representative. We disagree. Though a court may certainly consider factors impairing a purported class representative's ability to maintain communication with counsel in determining the adequacy of representation, we cannot conclude that mere geographical distance from the forum should disqualify an otherwise qualified representative. The decision as to the adequacy of a representative must be made realistically in light of all the circumstances. *Janicik v. Prudential Insurance Co. of America, supra.* "[A] class representative need not be the best of all possible representatives but rather one that will pursue a resolution of the controversy with the requisite vigor and in the interest of the class." *Piel v. National Semiconductor Corp., supra* at 366. Appellant Haft's deposition testimony established his willingness to pursue this litigation and his considerable knowledge of the facts and circumstances underlying it. Accordingly, the record supports the propriety of certifying him as a class representative. Moreover, there are no geographic problems with the remaining appellants.

### b. Fairness and Efficiency

Appellants contend also that the lower court erred in concluding that a class action would not provide "a fair and efficient method for adjudication of [this] controversy." Pa. R.Civ.P. 1702(5). We agree. Several criteria must guide the court in determining the fairness and efficiency of purported class action. Pa.R.Civ.P. 1708. *See generally Janicik v. Prudential Insurance Co. of America, supra.* The lower court concluded that common questions predominated, the controversy was manageable as a class action, and that the forum was appropriate. *See* Pa.R.Civ.P. 1708(a)(1), (2), (4), (5). However, it held that the risks of inconsistent adjudica-

tion were minimal, and that the evidence was insufficient for it to determine whether the complexity of issues or expenses of litigation would deter separate actions, or if individual class members' recoveries would be too small to justify the costs of the action. *See id.* 1708(a)(3), (6), (7). On balance, the court concluded that a class action was not a fair and efficient method of adjudication here. Upon our review of the record, we must agree with appellant that this conclusion was an abuse of discretion.

### 1. Risks of Inconsistent Adjudication

In *Janicik v. Prudential Insurance Co. of America,* we stated:

> The court must consider the risks of inconsistent adjudication from both the plaintiff's and defendant's viewpoints. It must consider whether separate actions (1) would "confront the party opposing the class with incompatible standards of conduct," Pa.R.Civ.P. 1708(a)(3)(i), or (2) would, "as a practical matter," be dispositive of the interests of absent potential class members or otherwise "substantially impair or impede their ability to protect their interests," Pa.R.Civ.P. 1708(a)(3)(ii). Finding such risks is not essential to certifying the class, but "if they exist, they will be forceful arguments in support of the approval of the class action." Explanatory Note to Pa.R. Civ.P. 1708.

305 Pa.Superior Ct. at 143, 451 A.2d at 462. Applying these principles, we note that separate actions by various class members for Sunday, overtime, and holiday pay could, as a practical matter, confront appellee with incompatible standards of conduct in compensating for essentially identical work if the courts happened to differ in their decisions. From the employees' standpoint, an adverse decision on a separate action might needlessly deter other employees from asserting meritorious claims, which might then be lost to the statute of limitations. By the nature of the claim, employees' potential recoveries are likely to vary considerably. Requiring the litigation to proceed as separate actions might effectively preclude those with the smallest claims from proceeding at all. If the underlying claim is meritorious,

this circumstance could unfairly result in unjust enrichment to appellee and deprivation to many potential class members. Thus, the circumstances suggest enough risks of inconsistent adjudication to further suggest the fairness and efficiency of this class action.

## 2. Complexity of Issues or Expenses Deterring Separate Actions

The record reveals that the rate of pay for Sundays or holidays was about forty dollars per day, though appellants never proved the precise amount of their individual claims. They did introduce evidence of their financial status after years of service with appellee. The record indicates that, although the underlying wage claim is basically a question of contract interpretation, its resolution may require more than minimal discovery concerning appellee's compensation policies, practices, and standards over several years. Additionally, no other litigation is pending on this question. These circumstances suggest a conclusion that the expenses of litigation and complexity of issues are such that the amounts of individual class members' claims are generally insufficient to support separate actions. Pa.R.Civ.P. 1708(a)(6).

## 3. De Minimis Individual Recovery

The facts of record concerning rate of pay, when combined with reasonable inferences from appellants' work-histories and testimony about appellee's employment practices, indicate that the potential individual recoveries will be more than de minimis. All class members are present or former employees of appellee, and thus the costs of identifying and notifying them is unlikely to be unduly burdensome. Accordingly, the amounts which may be recovered by the individual class members will be large enough in relation to the expenses and effort of administering the action as to justify a class action. Pa.R.Civ.P. 1708(a)(7).

## 4. Conclusion

In evaluating the factors concerning fairness and efficiency, we note that this action arises from a continuing

course of conduct by appellee in which the lower court found that common questions predominated in determining the parties respective rights. Courts have repeatedly held that class actions can be a fair and efficient method of resolving disputes concerning employment rights. *See, e.g., Cross v. National Trust Life Insurance Co.,* 553 F.2d 1026 (6th Cir. 1977) (discrimination); *Aguirre v. Bustos,* 89 F.R.D. 645 (D.N.M.1981) (wages); *Bartelson v. Dean Witter & Co.,* 86 F.R.D. 657 (E.D.Pa.1980) (discrimination). To subject the parties and the court system to the hazards and expenses of separate litigation in this context could eviscerate the purpose of the class action as a "procedural device designed to promote efficiency and fairness in handling large numbers of similar claims." *Lilian v. Commonwealth,* 467 Pa. 15, 21, 354 A.2d 250, 253 (1976). *See Scott v. Adal Corp., supra.*

### III.

For the foregoing reasons, the order of the court below is reversed and the matter is remanded for certification of the class and further proceedings consistent with this opinion.

So ordered.