499 A.2d 676

**L. HAFT, Robert Hayden, W. Tandaric, R.S. Boyle, Herman E. Wandrei, E.E. Stiegerwald, Anthony Rustic and Walter W. Kantner on Behalf of Themselves and All Other Similarly Situated Persons Who Were Within Six Years Before the Filing of This Action Management Employees of United States Steel Corporation at Edgar Thomson, Irvin, Vandergrift or Homestead Works of Eastern Steel, Who Occupied When So Formerly Employed, Foreman or General Turn Foreman Positions (Excluding General Foremen) or Other Equivalent Management Positions Below the Level of General Supervisor in Staff and Service Departments and Who, While So Formerly Employed, Were Eligible For But Not Paid Overtime and Sunday and Holiday Compensation Provided For Such Employees By United States Steel Corporation, Appellants,**

v.

**UNITED STATES STEEL CORPORATION.**

Superior Court of Pennsylvania.

Argued April 11, 1985.

Filed Oct. 18, 1985.

John A. Metz, Jr., Pittsburgh, for appellants.

James T. Carney, Pittsburgh, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellants brought this class action in assumpsit on June 26, 1979 against United States Steel Corporation (hereinafter USS) seeking an accounting for overtime, Sunday and holiday hours they allegedly worked as foremen or general turn foremen. Appellants' motion for class certification was denied after a hearing on July 23, 1980, an appeal was taken to this Court, and we reversed. *See Haft v. United States Steel Corporation*, 305 Pa.Super. 109, 451 A.2d 445 (1982) (*Haft I*). Upon remand, the case was tried before the Honorable Silvestri Silvestri and a jury on the issue of liability only. Appellants did not present any witnesses but read into evidence admissions from the pleadings and entered exhibits attached to their complaint which were admitted by USS. Appellants rested, and USS moved for a compulsory nonsuit, which was granted by the trial court.

Appellants' motion to remove the nonsuit was denied by order dated August 9, 1984, and the trial court directed that judgment be entered in favor of USS. This appeal followed and we affirm.

In his erudite and exhaustively researched opinion, Judge Silvestri reviewed the historical development of the common law action of account render dating from the thirteenth century, and the practice and procedure under Section 11 of the suspended Practice Act of 1915.[1] *See Haft v. United States Steel Corporation,* 133 P.L.J. 82 (1985) (*Haft II*). Judge Silvestri concluded that the promulgation of Pa.R. C.P. 1021[2] in 1947 "did not enlarge or change the substantive conditions upon which an accounting may be sought in an action in assumpsit." 133 P.L.J. at 87. Accordingly, Judge Silvestri determined that since the Common Law and the Practice Act of 1915 would not permit an accounting under appellants' circumstances, Pa.R.C.P. 1021 similarly precludes the recovery appellants seek.

Appellants argue, quite simply, that Pa.R.C.P. 1021 should not be construed to include the practice and procedure under the abolished common law action of account render and the suspended Practice Act of 1915. We cannot agree.

1. The Act of 1915, May 14, P.L. 483, § 1; 1937, May 26, P.L. 895, No. 235, § 1, 12 P.S. § 393 (hereinafter the Practice Act of 1915), as amended, provides as follows:

   If either the plaintiff in his statement or the defendant in a counterclaim avers that the defendant or plaintiff has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff or defendant, or if the plaintiff or defendant is unable to state the exact amount due him by the defendant or plaintiff, by reason of the defendant's or plaintiff's failure to account to him, the plaintiff or defendant may ask for an account. As originally enacted in 1915, the right to account in an action of assumpsit was limited to the plaintiff and not available to a defendant.

2. **Rule 1021. Claim for Relief. Determination of Amount in Controversy**

   (a) Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded.

   . . . .

The action for an accounting, as it developed at common law, required: (1) a transaction involving movable personal property, i.e., money or goods; (2) a contract between the parties, express or implied, and (3) uncertainty as to the amount. *See Haft II,* 133 P.L.J. at 84–86 and authorities cited therein. A plaintiff could compel a defendant to account by bill in equity or by an action of account render at law. The relief of accounting was made available in Pennsylvania in an assumpsit action by the Practice Act of 1915, under the circumstances set forth in Section 11 of the Act.

The absence of any language in Pa.R.C.P. 1021 as to the circumstances under which an accounting could be sought suggests no intent to change the law as it existed. "The authorities and procedure which applied under prior practice remain unchanged." Goodrich-Amram 2d § 1021:2 at 201. Thus, as summarized by Judge Silvestri, to establish a right to an accounting in an action at law in assumpsit, plaintiff must show:

(1) there was a valid contract, express or implied, between the parties whereby the defendant

(a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or

(b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and

(2) that the defendant breached or was in dereliction of his duty under the contract.

133 P.L.J. at 88.

Our review of the record in the case before us uncovers no facts which indicate that USS received any

monies in any capacity from appellants under any contract, express or implied. Accordingly, USS is under no legal obligation to account. Appellants cannot attempt to extend equitable jurisdiction to their cause by way of the discovery process.[3] The legitimate function of discovery is to furnish evidence; it is not the source of jurisdiction. *Williams v. Finlaw, Mueller and Co., Inc.*, 292 Pa. 244, 141 A. 47 (1928).

Having failed to establish the requisite elements of the cause of action appellants sought to pursue, the compulsory nonsuit was properly granted.

Order affirmed.

---

**3.** On September 8, 1984, appellants served upon USS a request for production of documents either by way of producing documents or by making them available for inspection and photocopy; the documents requested, being listed in 16 categories, related, *inter alia,* to all the records of the class members from June of 1973 to date pertaining to time worked, particularly with reference to overtime, Sundays and holidays. USS responded to appellants' request by making available to them for inspection and copying the requested documents.