515 A.2d 48

Barbara KELLY and Richard A. O'Neal, individually and on behalf of all others similarly situated, Appellants,

v.

COUNTY OF ALLEGHENY and Allegheny County Institution District.

Superior Court of Pennsylvania.

Argued March 25, 1986.

Filed Sept. 15, 1986.

Michael P. Malakoff, Pittsburgh, for appellants.

Robert Weinheimer, Pittsburgh, for appellees.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

### OPINION OF THE COURT

ROWLEY, Judge:

In this appeal from an Order denying class certification, a single issue is presented for review: whether class certification may be denied under Pa.R.C.P. 1708(a)(7) solely because the average individual claim is for a small dollar amount where the potential costs and expenses of the litigation are not disproportionate to the total class claims aggregating over $150,000 with interest.[1] Because the record reveals that the trial court abused its discretion in denying certification, we reverse.

Appellants allege that in 1979, 1980 and 1981, the appellees (County) erroneously deducted Social Security contributions from sick pay benefits paid to appellants, employees of the County during the relevant time period. After the error was discovered, the County contracted with CTA, Ltd. to obtain a refund (or credit) of the Social Security payments. The County agreed to pay CTA 25% of the amount collected in exchange for CTA's services. After CTA recovered the payments, the County refunded to appellants the amounts previously withheld, less the 25% fee paid to CTA.

Appellants filed a class action complaint against the County on behalf of themselves and all others similarly situated to recover the amount deducted by the County from their refund and paid to CTA. They alleged that the County's payment to CTA constituted a breach of the

---

1. An order denying class certification is final and appealable. *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975).

contract embodied in an Employee Benefit Plan Booklet and summarized in an Employee Benefits Summary Sheet.[2] R.R. 12a–19a. Appellants filed a motion for class certification, Pa. R.C.P. 1710(a), and an evidentiary hearing was held on the motion. Pa. R.C.P. 1707(c). By subsequent order, the trial court denied appellants' motion. This appeal followed.

In an opinion accompanying its order, the trial court considered the five prerequisites to a class action set forth in rule 1702 and, because appellants sought money damages only, the seven criteria set forth in rule 1708(a). The trial court determined that appellants had satisfied all the requirements for certifying the class except the requirement of 1708(a)(7). That section provides

> In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c).
>
> (a) Where monetary recovery alone is sought, the court shall consider
>
> . . . . .
>
> (7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

The explanatory note following rule 1708 points out that subdivisions (1) to (5) under 1708(a) are taken almost verbatim from federal rule 23, but that subdivisions (6) and (7) are two additional criteria not set forth in the federal rule. The note provides the following additional comments relative to 1708(a)(7).

> The second additional criterion permits the court to consider whether the damages which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not

---

2. Appellants' other theories of recovery were dismissed upon preliminary objections by the trial court in separate orders not presently before us.

to justify a class action, with its attendant burdens on the judicial system and judicial manpower.

The Uniform Class Action Act in Sec. 3(a) uses somewhat similar criteria requiring the court to consider whether in view of the complexities of the issues and the expenses of the litigation the claims of the individual class members are insufficient to afford significant relief to the members of the class. This criterion points up a policy question on which opinion between plaintiffs and defendants is sharply divided.

In many consumer class actions the individual amounts may be very small, but the aggregate may be large and maintenance of the class action might have a deterrent effect on future violations by the defendant. Also, if the defendant's conduct is egregious, compelling refunds, even of inconsequential amounts, may be desirable from a public policy point of view. Perhaps the remedy may be legislative rather than procedural.

When the action is brought for monetary recovery only, the court is to consider all seven of these criteria. The trial court found that the aggregate amount sought by the potential class would be $141,931 and estimated that the average recovery for an individual class member would be $13.61, subject to adjustment based on several variables. The trial court noted that (a)(7) was significant in the determination of certification because appellants sought only monetary recovery. After noting generally the various costs associated with the maintenance of a class action lawsuit, including the costs of notice, locating the class members, distributing the possible awards, and counsel fees, the court concluded that

> Since the amount which the individual class member would recover, if they prevailed, would be trivial, and the cost of prosecuting and defending the claim would be disproportionately large to the size of the claim, and no particular benefits of sufficient quantity or quality would accrue to the class members or the public, we conclude

that certification of this action as a class action is not justified.[3]

[3] The only persons who could benefit from this action as a class action, if the class should prevail, would be counsel for the parties.

Trial court's op. at 10. The court also found that no evidence was presented that the County's conduct was egregious or that it raised an issue touching on public policy concerns. *See* Pa. R.C.P. 1708 Explanatory Note—1977, *supra.*

Appellants argue that the potential costs of the litigation are not disproportionate to the total class claims aggregating over $150,000 with interest and, therefore, the trial court abused its discretion in refusing to certify the action as a class action. They first maintain that (a)(7) does not permit a trial court to refuse to certify a class if the individual claims are small; rather, the rule permits denial of certification only if the anticipated costs of the litigation would be expected to consume most of any possible recovery and public policy would not be served by a class action. Appellants contend that it is the aggregated individual claims that are to be compared with the anticipated costs of the litigation and not the individual claims.

Secondly, appellants argue that there is no evidence of record to indicate that they failed to satisfy (a)(7). By stressing the trial court's findings that all other requirements for certification have been met, appellants submit that the particulars of their case demonstrate that the costs of prosecuting the action would be minimal. For example, 1) liability can be established with little, if any, discovery and the case could probably be decided on a motion for summary judgment; 2) notice could be avoided, or accomplished at little cost, by posting a notice in County office buildings or enclosing notice in the class members' paychecks (of course, this could only apply to current employees); 3) the members of the class have already been located by the County when they paid their employees their Social Security refund, *see Janicik v. Prudential Insurance Co. of America,* 305 Pa.Super. 120, 451 A.2d 451 (1982); *Haft v.*

*United States Steel Corp.*, 305 Pa.Super. 109, 451 A.2d 445 (1982), thus reducing the cost of locating class members; 4) the costs of disbursing the amount recovered (i.e., writing checks) would be minimal, and 5) attorneys' fees could be controlled by the trial court under Pa.R.C.P. 1716.

Appellants also argue that the case would impose little burden on the judicial system and point to the trial court's determination that the underlying issues were neither many nor complex. Lastly, appellants submit that public policy supports certification because the Commonwealth has a long-standing commitment to the protection of employee wages.

The County argues that the express terms of (a)(7) require the trial court to consider the amounts which may be received by the individual class member, not the aggregate amount claimed.[3] The County agrees with the trial court's conclusion that the amount sought by the individual class members will be so small in relation to the expense and effort of administering the action as to not justify a class action. As to appellants' second argument, the County submits that the expenses considered by the trial court do not require proof, but may be assumed by the trial court as a normal and expected component of maintaining a class action.

In *Janicik v. Prudential Insurance Co. of America*, this Court set forth the applicable standard of review. "A lower court's decision concerning class certification is a mixed finding of law and fact entitled to 'appropriate deference' upon appeal.... [A] lower court's order concerning class certification will not be disturbed on appeal unless the court

---

3. The County attempts to raise several issues of alleged trial court error which appellants sought to respond to in a reply brief. The County asserts that these issues are "intertwined" with the trial court's determination that the requirements of 1708(a)(7) were not met by appellants. Because the County did not take a cross appeal from the order in question, it cannot raise issues decided adversely to it. *Commonwealth ex rel. Robinson v. Robinson*, 505 Pa. 226, 233 n. 4, 478 A.2d 800, 804 n. 4 (1984); *Appeal of Pesante*, 82 Pa.Commonw. 242, 476 A.2d 474 (1984). Nor do we find that the County's issues are intertwined with appellants' issue.

failed to consider the requirements of the rules or abused its discretion in applying them." *Id.* 305 Pa.Super. at 127, 451 A.2d at 454 (citations omitted). In the present case, it is not argued that the trial court failed to consider the applicable rules. The only issue raised on appeal is whether an abuse of discretion occurred when the court applied (a)(7) to the case at bar. We must also bear in mind that it is the "policy of our Commonwealth that 'decisions in favor of maintaining a class action should be liberally made.' ... Moreover, courts in class certification proceedings regularly and properly employ reasonable inferences, presumptions, and judicial notice." *Janicik*, 305 Pa.Superior Ct. at 128, 451 A.2d at 454 (*quoting Bell v. Beneficial Consumer Discount Co.*, 241 Pa.Super. 192, 205, 360 A.2d 681, 688 (1976) (citations omitted).

Turning to the parties' arguments, we agree with the County that appellants have incorrectly focused on the aggregate amount which they seek. Pa. R.C.P. 1708(a)(7) states that the trial court is to consider the amount which the individual class members may recover. Thus, the relevant figure is $13.61 and not $141,931. Our inquiry, however, does not end there, for the rule requires the trial court to consider the relation between the amount the individual class members may recover and the expense and effort of administering the action. After having paid appropriate deference to the trial court's decision, we are compelled to conclude that an abuse of discretion occurred because in this case a consideration of the costs of the lawsuit in relation to the amount individual members stand to recover leads to the conclusion that a class action is justified.

In both *Janicik* and *Haft* this Court addressed the issue of whether the party seeking certification had satisfied the requirement of 1708(a)(7). In *Janicik*, this Court determined that the potential class members sought more than trivial sums and that the cost of notice to the class members would not be disproportionate. Thus, (a)(7) was satisfied. *Id.* 305 Pa.Super. at 145, 451 A.2d at 463. In *Haft*, the trial court held that the evidence was insufficient for it to

determine whether the individual class members' recoveries would be too small to justify the costs of the action. Based on the facts of record, this Court rejected the trial court's conclusion and determined that the potential individual recoveries would be more than de minimis. *Id.* 305 Pa.Super. at 119, 451 A.2d at 450. As to the potential costs of the lawsuit, the Court noted

> All class members are present or former employees of appellee, and thus the costs of identifying and notifying them is unlikely to be unduly burdensome. Accordingly, the amounts which may be recovered by the individual class members will be large enough in relation to the expenses and effort of administering the action as to justify a class action. Pa.R.Civ.P. 1708(a)(7).

*Id.* The present case is similar to *Haft* in that all class members are present or former employees of the County. Further, the County located the members of the class when it disbursed the original refund. Thus, the costs of notice and locating the class members would be minimal.

Rule 1708(a)(7) requires that the individual recovery be so small *in relation* to the expense and effort of administering the action that a class action would not be justified. We do not view the potential recovery by itself. Here, the potential expenses and effort of administering the action are small, thus they would not consume the recovery. This leads us to conclude that a class action would be justified under the facts of the case. In *Felger v. First Federal Savings & Loan Association,* 3 D. & C.3d 70 (1975) Judge Lyon rejected a de minimus objection to class certification by noting that

> this argument overlooks the fact that a common element in most class actions is the existence of a claim too small to warrant action by the individual members.' Individual remedies in such cases would be illusory and the costs involved to the individual plaintiffs would often prevent the claimants from obtaining relief. It is only by joining these small claims together that such parties can obtain

redress for collective wrongs which, viewed separately, may appear trivial.

*Id.* at 87–88.

Accordingly, the trial court's order denying certification is reversed and the case is remanded to the trial court for further proceedings.[4] Jurisdiction is relinquished.

</div>

---

**4.** Appellants also argue that the trial court erred in failing to consider dividing the class into sub-classes. We need not consider this argument in light of our disposition of the case.