546 A.2d 608

**Barbara KELLY and Richard A. O'Neil, individually and on behalf of all others similarly situated, Appellees,**

v.

**COUNTY OF ALLEGHENY and Allegheny County Institution District, Appellants.**

Supreme Court of Pennsylvania.

Argued March 10, 1988.

Decided Aug. 12, 1988.

214

Larry A. Silverman, Dickie, McCamey & Chilcote, P.C., Herman C. Kimpel, Pittsburgh, for appellants.

Michael P. Malakoff, Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is an appeal by Allegheny County and Allegheny County Institution District (Appellants) from an Order of the Superior Court which reversed the Order of the Court of Common Pleas of Allegheny County denying class certification to Barbara Kelly and Richard A. O'Neil (Appellees) and remanded the case to the trial court for further proceedings. The issue presented by this appeal is one of first impression: whether the trial court abused its discretion by denying class certification solely because of its determination that the class members' average claims ($13.61) were disproportionately small in comparison to expenses and fees of the litigation and, therefore, the requirements of Pa.R.

C.P. 1708(a)(7) were not met. Appellants contend that the Superior Court exceeded its permissible scope of review and substituted its judgment for that of the trial court. We do not agree. For the reasons set forth herein, we conclude that class certification should not have been denied and, accordingly, affirm the order of the Superior Court.

This action was commenced by the filing of a class action complaint against Appellants by the representative Plaintiff/Appellees alleging that during 1979, 1980 and 1981, the County erroneously deducted social security contributions from sick pay benefits paid to county employees. After the error was discovered, the County entered into a contract with CTA, Ltd. to obtain a refund of the overpayments from the federal government. Under this contract, the County agreed to pay CTA twenty-five (25%) percent of the amount recouped in exchange for CTA's services. When the County obtained its refund from CTA, it then refunded to the Appellees the amounts erroneously withheld, less the 25% fee which the County paid to CTA. By filing the class action complaint, Appellees sought to recover the 25% fee (totaling, with interest, approximately $150,000.00) which the County had deducted from their refunds and paid to CTA. Appellees alleged that the County's payment of their funds to CTA constituted a breach of the contract between the employees and the County embodied in an Employee Benefit Plan Booklet and summarized in an Employee Benefits Summary Sheet.

Following discovery on class certification issues, Appellee filed a motion for class certification as required by Pa.R. C.P. 1707(a) and an evidentiary hearing was held pursuant to Rule 1707(c).[1] The trial judge (Silvestri, J.) subsequently

---

1. **Rule 1707. Motion for Certification of Class Action. Time for Filing. Hearing**

 (a) Within thirty (30) days after the pleadings are closed or within thirty (30) days after the last required pleading was due, the plaintiff shall move that the action be certified as a class action. The court may extend the time for cause shown. If the plaintiff fails to move for certification, the court if so notified shall promptly set a date for a certification hearing.

 . . . . .

denied the motion for certification finding that Appellees had satisfied all of the five pre-requisites to a class action set forth in Pa.R.C.P. 1702, and all of the seven criteria for class certification set forth in Pa.R.C.P. 1708(a), except 1708(a)(7).[2] Judge Silvestri ordered that the suit proceed as an individual action. On appeal, the Superior court reversed holding that the trial court abused its discretion in applying Pa.R.C.P. 1708(a)(7) to the record facts before it, and remanded for further proceedings, 357 Pa.Super. 1, 515 A.2d 48. The County petitioned for allowance of appeal to this Court contending that the trial court properly found that the amount of money that may be recovered by individual class members is so small in relation to the expense and effort of administering the class action so as to warrant class certification denial. Further, Appellants allege that the Superior Court exceeded the permissible scope of its appellate review and failed to give appropriate deference to the trial court's findings. We granted allocatur in this case because it raises an important legal issue regarding class actions.

This Court has defined an abuse of discretion as "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Melzer v. Witsberger*, 505 Pa.

(c) The hearing shall be limited to the Class Action Allegations. In determining whether to certify the action as a class action the court shall consider all relevant testimony, depositions, admissions and other evidence.

**2. Rule 1708. Criteria for Certification. Determination of Class Action as Fair and Efficient Method of Adjudication**

In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c).

(a) Where monetary recovery alone is sought, the court shall consider

. . . . .

(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

462, 475 n. 8, 480 A.2d 991, 997 n. 8 (1984) citing *In re Women's Homoeopathic Hospital of Philadelphia,* 393 Pa. 313, 316, 142 A.2d 292, 294 (1958) (citations omitted). The standards to be looked to in assessing whether there has been an abuse of discretion by a trial court's order concerning class certification have been stated to be the following:

> A lower court's decision concerning class certification is a mixed finding of law and fact entitled to "appropriate deference" upon appeal. *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 235, 348 A.2d 734, 739 (1975), *on remand,* 241 Pa.Superior Ct. 192, 360 A.2d 681 (1976). "Trial courts are vested with broad discretion in determining definition of the class as based on commonality of the issues and the propriety of maintaining the action on behalf of the class." *Klemow v. Time, Inc.,* 466 Pa. 189, 197, 352 A.2d 12, 16 (1976). *Accord, Sharkus v. Blue Cross of Greater Philadelphia,* 494 Pa. 336, 343–43, 431 A.2d 883, 886 (1981); *ABC Sewer Cleaning Co. v. Bell of Pennsylvania,* 293 Pa.Superior Ct. 219, [225] n. 4, 438 A.2d 616, 619 n. 4 (1981). Consequently, a lower court's order concerning class certification will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion in applying them. *See,* e.g., *Sharkus v. Blue Cross of Greater Philadelphia, supra; Klemow v. Time, Inc., supra; Bell v. Beneficial Consumer Discount Co., supra. See also, Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030 (5th Cir.1981).

*Janicik v. Prudential Insurance Co. of America,* 305 Pa.Superior Ct. 120, 451 A.2d 451, 454 (1982), petition for allowance of appeal denied January 24, 1983.

The Pennsylvania Rules of Civil Procedure specify five requirements for class certification—numerosity, commonality, typicality, adequacy of representation, and fairness and efficiency. Pa.R.C.P. 1702. They also specify certain criteria the court must consider in determining the last two of these requirements. Pa.R.C.P. 1708, 1709. The trial court held that all requirements for certifying the class

were satisfied with the exception of Rule 1708(a)(7). In arriving at this decision, the trial court also considered the explanatory note to Rule 1708[3] and concluded that the criteria of Section 1708(a)(7) was significant in the determination of class certification since the only recovery sought in this action was monetary. It is undisputed that the average recovery for an individual class member would be $13.61. The trial court justified its denial of class certification on grounds that $13.61 is a trivial amount and that it was not demonstrated that Appellant's conduct was egre-

**3. Explanatory Note–1977**

Rule 1708 sets forth the criteria to be considered by the court in determining whether the class action is a fair and efficient method for adjudication of the controversy.

The Rule first sets out in subdivision (a) the criteria to be applied where only monetary recovery is sought....

The criteria in subdivisions (1) to (5) of subdivision (a) are taken almost verbatim from Federal Rule 23(b)(1), (2) and (3), except that the requirement of "superiority" in class actions based on common questions of law or fact is omitted.

Two additional criteria are provided in subdivisions (6) and (7) of subdivision (a) which are not set forth in the Federal Rule.

The first additional criterion permits the court to consider whether the complexity of the issues and the expenses of litigating separate claims of individual class members are of such magnitude as to exclude separate action by individual class members. This follows the Federal case law.

The second additional criterion permits the court to consider whether the damages which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action, with its attendant burdens on the judicial system and judicial manpower.

The Uniform Class Action Act in Sec. 3(a) uses somewhat similar criteria requiring the court to consider whether in view of the complexities of the issues and the expenses of the litigation the claims of the individual class members are insufficient to afford significant relief to the members of the class. This criterion points up a policy question on which opinion between plaintiffs and defendants is sharply divided.

In many consumer class actions the individual amounts may be very small, but the aggregate may be large and maintenance of the class action might have a deterrent effect on future violations by the defendant. Also, if the defendant's conduct is egregious, conpelling refunds, even of inconsequential amounts, may be desirable from a public policy point of view. Perhaps the remedy may be legislative rather than procedural.

When the action is brought for monetary recovery only, the court is to consider all seven of these criteria....

gious in the sense of being gross or flagrant or that Appellants intended to cheat or defraud their employees, or that this case raises an issue or question of public policy. Further, the Court reasoned that:

> [c]onsidering the expense of discovery in all its forms, expense of requisite notice, if there is certification, and possibly additional notices, expense of locating 10,429 class members, the expense of distribution of the respective amounts to each class member, and counsel fees for representative plaintiffs' counsel, it is certain that the expense and fees would be disproportionate to the size of the individual claims as to make any sum they would recover trivial.... and no particular benefits of sufficient quantity or quality would accrue to the class members or the public, we conclude that certification of this action as a class action is not justified.[3]

> [3] The only persons who could benefit from this action as a class action, if the class should prevail, would be counsel for the parties. (Trial court slip opinion at 9, 10).[4]

In support of its reversal and holding that the trial court abused its discretion in applying Rule 1708(a)(7) to the facts of record, the Superior Court relied on its recent decisions in *Janicik v. Prudential Insurance Co. of America, supra;* and *Haft v. United States·Steel Corp.,* 305 Pa.Superior Ct. 109, 451 A.2d 445 (1982), wherein the Superior Court addressed the same question of whether the parties seeking certification had satisfied the requirement of Rule 1708(a)(7). In both cases the Superior Court determined that the requirement of (a)(7) was satisfied and that the trial court had abused its discretion in denying certification. In *Janicik,* the Superior Court held that the potential class members sought more than trivial sums and that the cost of notice to the class members would not be disproportionate to the recovery.

In *Haft,* the Superior Court rejected the trial court's conclusion that the evidence was insufficient for a determination of whether the individual class members' recoveries

---

**4.** This statement by the trial judge is gratuitous and unwarranted. We find no evidence of record to support this conclusion.

would be too small to justify the costs of the action and held that, based on the facts of record, the potential individual recoveries would be more than de minimis. Since all class members were present or former employees of the Appellee, the costs of identification and notification of class members would not be unduly burdensome. *Id.*, 305 Pa.Superior at 119, 451 A.2d at 450. In the instant case, the Superior Court noted the factual similarities of this case to *Haft* "in that all class members are present or former employees of the county. Further, the county located the members of the class when it disbursed the original refund. Thus, the costs of notice and locating the class members would be minimal." *Kelly v. County of Allegheny*, 357 Pa.Superior at 8, 515 A.2d at 51. The Superior Court also correctly noted that in determining whether the requirement of Rule 1708(a)(7) is satisfied, one does not view the potential recovery by itself. Rather, the rule requires a consideration of whether the potential expenses and effort of administering the action would render the amount of recovery so small that a class action would not be justified. There is simply no support in the record for the trial court's conclusion that discovery expense, class notice, additional notice, locating class members, distribution of class member checks and counsel fees would absorb a disproportionate amount of the class recovery.

 Appellants argue that Appellees failed to present any evidence at the certification hearing on the cost and expense issue and, therefore, failed to meet their burden of proof that the requirements for certification were met. However, well pleaded class action allegations, if admitted by the class opponent, may be considered as evidence at the class certification hearing. Pa.R.C.P. 1706. Appellees contend that the particulars of their case demonstrate that the costs of prosecuting the action would be minimal. The burden of proof in class certification proceedings is on the party seeking certification. *Klemow v. Time, Inc., supra.* However, the class proponent need not prove separate facts supporting each requirement; rather, the proponent's bur-

den is to establish those underlying facts sufficiently from which the court can make the necessary conclusions and discretionary determinations. In the instant case, virtually all of the material facts were stipulated to by the parties thus minimizing the need for discovery and making it likely that the case will be decided by summary judgment. All class members are present or former employees of Appellants and have already been located by the County when the refund was paid, thus there should be little or no cost in locating class members and minimal costs for notice and distribution of recovery. Further, Pa.R.C.P. 1712 provides very broad choices to trial courts to reduce the expense of notice.[5] Attorney fees can also be controlled by the trial court under Pa.R.C.P. 1716.

 The trial court's determination is not consistent with the Pennsylvania Class Action Rules, Pa.R.C.P. 1701 *et seq.*, which manifest a particular sensitivity to providing a procedure for persons with small claims to obtain judicial relief through use of a class action. "To subject the parties and the court system to the hazards and expenses of separate litigation in this context could eviscerate the purpose of the class action as a 'procedural device designed to promote efficiency and fairness in handling large numbers of similar claims.' *Lilian v. Commonwealth*, 467 Pa. 15, 21, 354 A.2d 250, 253 (1976)." Under the trial court's reading of Rule 1708(a)(7), class action certification for persons with small claims would be limited to those circumstances where it can be demonstrated that the defendant's conduct was egregious in the sense of being gross or flagrant or that the defendant intended to cheat or defraud their employees. We find no such requirement in the rule.

 We, likewise, disagree with the trial court's conclusion that there are no issues of public policy raised by this case. As Appellees point out, this Court's adoption of the

5. See, Pa. Rule 1712 and explanatory note and note of 1712(c):
 *Note:* Illustrative of the means of reducing the expense of individual notice is the inclusion of the notice in a mailing normally made by the defendant to members of the class.

Pennsylvania Class Action Rules is evidence of the long-standing public policy of this Commonwealth to permit the aggregation of small claims which otherwise could not be litigated in individual actions. The policy is not to render individual remedies in such cases illusory because the costs involved would prevent the claimants from obtaining relief. Moreover, Appellees assert that, "[t]his Commonwealth has a longstanding commitment to the protection of employees' wages, as demonstrated, *inter alia*, by the preferential lien on employers' property available with respect to securing payment of such wages, 43 P.S. Sec. 221 *et seq.*, the civil cause of action provided by the Wage Payment and Collection Law which provides for liquidated damages, 43 P.S. Sec. 260.1 *et seq.*, and the judicial recognition of vested employees' contractual rights to the extent that they constitute compensation for past service. *Ass'n of Pa. State College v. State System*, 505 Pa. 369, 479 A.2d 962 (1984)." We agree with Appellees' complaint that depriving more than 10,000 public employees of any opportunity to challenge their employer's unilateral charge of administrative and other charges to them is totally inconsistent with this Commonwealth's solicitous protection of employees' compensation.

We have carefully reviewed the entire record and, after allowing appropriate deference to the trial court's decision, we are constrained to hold that there was an abuse of discretion in this case. It is apparent that the trial court denied certification because the individual class members' recovery would be small. This approach contravenes the proportionality requirement of Rule 1708(a)(7) and, if applied generally, would limit class actions to those cases where individual recoveries would be substantial, thereby depriving class actions of any practical value. A class action on behalf of over 10,000 public employees who alleged that they have been wrongfully subjected to a 25% charge against their sick benefits by their employer is not "trivial" or de minimus. Since it is clearly demonstrated

that the potential costs would not consume the recovery, we conclude that the Superior Court acted properly in reversing the trial court's denial of class certification and affirm the order of the Superior Court.

FLAHERTY, J., concurs in the result.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

The procedural rules governing class actions reflect a deliberate policy decision that where monetary recovery alone is sought, the propriety of maintaining an action as a class action must include consideration of the relative expense and effort of *judicial administration* of the action and the amount which may be recovered by the members of the class. Pa.R.C.P. 1708(a)(7) expresses an underlying philosophy that the class action vehicle should not serve as the sword in a Pyrrich victory. Such a philosophy is necessarily a divisive one, subject to the disapproval of those who would value the individual's right to recover even an admittedly insignificant award of damages more highly than the burden placed upon the scant resources of our common pleas courts.

The emphasis of the majority and of the Superior Court is mistakenly placed upon the *parties'* expenses and efforts of proceeding with the action. The primary concern expressed by Rule 1708(a)(7) is for judicial resources. The explanatory note to the Rule recognizes the struggle of opposing philosophies, which we have resolved in favor of an approach which will conserve judicial resources:

> The second additional criterion permits the court to consider whether the damages which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action, with its attendant burdens on the judicial system and judicial manpower.

The Uniform Class Action Act in Sec. 3(a) uses somewhat similar criteria requiring the court to consider whether in view of the complexities of the issues and the expenses of the litigation the claims of the individual class members are insufficient to afford significant relief to the members of the class. This criterion points up a policy question on which opinion between plaintiffs and defendants is sharply divided.

In many consumer class actions the individual amounts may be very small, but the aggregate may be large and maintenance of the class action might have a deterrent effect on future violations by the defendant. Also, if the defendant's conduct is egregious, compelling refunds, even of inconsequential amounts, may be desirable from a public policy point of view. Perhaps the remedy may be legislative rather than procedural.

, The individual members of the proposed class in this case will recover only a monetary award averaging $13.61 per member. The $13.61 sum is an inflated figure in relation to the actual average recovery which any class member will receive because it does not reflect the downward adjustment to the award which will be made after deductions for attorneys' fees and costs. Accepting the $13.61 figure as the average recovery for our purposes, I must agree with the trial court that the recovery is so small in relation to the burden upon the judicial system's resources as to not justify a class action.

Whatever the philosophy of the majority of this Court may now be, it is inappropriate to disregard our own procedural rules when they reflect a conscious choice of an opposing philosophy. Though our class action rule is derived in large part from Federal Rule of Civil Procedure 23(b), the criterion established by Pa.R.C.P. 1708(a)(7) is not found in that comparable Federal rule. If the majority now regrets departing from the federal class action rules, it should refashion our rule to conform to its newly adopted philosophy.

I, for one, would not do so. The common pleas courts are not small claims courts. Grouping small individual claims as a class does not make them more important than small individual claims that cannot find similar claims to join with to create a class. I fear that the interest generated in the recovery of small monetary claims has less to do with laudatory ideals of seeking justice for the "underdog", than with practical concerns of creating fees. The conduct of the Appellant in this case was not of such a nature that compelling refunds would be desirable as a matter of public policy. It must be recognized that the individual members of the class would not be left without a forum to pursue their claims if the action is not certified as a class. If one's reaction to requiring the individuals to seek recovery in a small claims court is that the individuals will not pursue their claims because the recovery is not worth the individual's effort, I must respond that the same is true of expending judicial effort. What is sought here has little to do with the policy of vindicating of individual rights.

In *Klemow v. Time,* 466 Pa. 189, 352 A.2d 12 (1976), we held that trial courts are vested with broad discretion in determining the propriety of maintaining the action on behalf of the class. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence, discretion is abused." *In Re Women's Homoeopathic Hospital of Philadelphia,* 393 Pa. 313, 316, 142 A.2d 292, 294 (1958) (Citation omitted).

The majority acknowledges this standard of review, but cannot reasonably be said to have applied it. When the trial judge is vested with the responsibility of making a determination, it is not an abuse of discretion if the trial judge does not arrive at a conclusion favored by an appellate court. I would affirm the trial court's denial of the certification of the class action.