**Marie B. KUHN, Plaintiff,**

v.

**PHILIP MORRIS U.S.A. INC., Defendant.**

Civ. A. No. 92–3081.

United States District Court,
E.D. Pennsylvania.

March 2, 1993.

Joseph J. Scafidi, Grabowski, Eberle, Rice & Scafidi, Perkasie, PA, for plaintiff.

Alan D. Berkowitz and Paul D. Snitzer, Dechert, Price & Rhoads, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

This is a proceeding under Title VII of the Federal Civil Rights Act brought by plaintiff, Marie B. Kuhn, against her former employer, the defendant, Philip Morris U.S.A., Inc. Plaintiff's complaint contains allegations of sexual harassment, retaliatory discharge, dis-

crimination on the basis of plaintiff's sex and prior mental illness, intentional infliction of emotional distress and defamation of character. Jurisdiction is premised upon 28 U.S.C. § 1331(a).

Viewed in the light most favorable to plaintiff, the facts indicate that the plaintiff was originally hired by Philip Morris on March 14, 1984 in the capacity of Merchandising Assistant. In February 1989 Peter Paoli, the Section Director of Philip Morris's office in Malvern, Pennsylvania, interviewed plaintiff for position as his Administrative Assistant and on March 15, 1989 he hired her. During that interview, plaintiff volunteered to Peter Paoli that she had previously been hospitalized for depression.

In the fall of 1990, Peter Paoli made allegations to plaintiff that another employee, Loretta Parrish, was opening mail that she was not authorized to see and writing anonymous correspondence to the New York office of Philip Morris which was derogatory to Mr. Paoli. Mr. Paoli requested that plaintiff document Loretta Parrish's alleged wrongdoing which plaintiff refused to do. Plaintiff alleges that Mr. Paoli used obscene and vulgar language to harass and embarrass her and other female employees, that another employee of defendant, Allan Miller, made sexually suggestive remarks to her and that Mr. Paoli was violent in front of her.

Based on the above mentioned conduct as well as complaints by other employees, plaintiff complained to Joanne Donovan, personnel manager for Philip Morris, concerning Mr. Paoli. Ms. Donovan came to the Malvern office on April 15, 1991 and placed plaintiff on a paid leave of absence. The terms of the leave were that plaintiff was to receive medical care for her "personal situation" and in order to return to work plaintiff was required to produce medical certification from her own doctor subject to verification by a Philip Morris physician that she was fit to perform her job without restrictions. (Ex. G[1]). Despite her objections, plaintiff thereafter saw a psychiatrist, Dr. Chung. Plaintiff filed a complaint with the Pennsylvania

Human Relations Commission ("PHRC") on April 24, 1991 generally making the same allegations as contained in this complaint.

Subsequently, on May 12, 1991 plaintiff returned to work after having received a favorable evaluation from Dr. Chung. However, Philip Morris made it a condition of further employment that plaintiff continue to receive psychiatric treatment and that she continue to act in a professional manner. (Ex. H) After returning from her medical leave of absence plaintiff sent written complaints to Steve Cozzetto, an employee of Philip Morris, and Eric Taussig, an attorney for Philip Morris. Finally, on July 10, 1991 plaintiff overheard part of a conversation which she believed to be derogatory toward her and created an overall disturbance in the office. Plaintiff was sent home pending an investigation which eventually ended in her discharge from employment with Philip Morris.

Presently before the court is defendant Philip Morris U.S.A., Inc.'s motion for summary judgment. Although Local Rule 20(c) permits us to treat the motion as uncontested as a result of plaintiff's failure to file a timely response, for the reasons which follow, we will grant the motion on the merits rather than on a technicality.

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). This court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact,

---

1. All references to exhibits are to the exhibits attached to defendant's motion for summary judgment.

the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In this case, because plaintiff has failed to file a response, we need look only at the complaint and the evidence attached to defendant's motion for summary judgment.

■ First, in her complaint, plaintiff alleges that she was discharged as retaliation for her complaints about Peter Paoli and for the filing of her PHRC complaint. (complaint ¶ 33). The law in Pennsylvania is clear that an employer may discharge an employee at any time and without cause in an employment-at-will situation. *Paul v. Lankenau Hosp.*, 375 Pa.Super. 1, 543 A.2d 1148 (1988); *Rossi v. Pennsylvania State University*, 340 Pa.Super. 39, 489 A.2d 828 (1985). There is no evidence that plaintiff was employed under any other conditions than at-will. The exception to this rule is that an employee-at-will may have a cause of action for wrongful discharge when the discharge threatens public policy. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *see Smith v. Calgon Carbon Corp.*, 917 F.2d 1338 (3d Cir.1990). However, the public policy exception is construed quite narrowly. *Field v. Philadelphia Electric Co.*, 388 Pa.Super. 400, 565 A.2d 1170 (1989). In fact, the Third Circuit found that the Pennsylvania Supreme Court would recognize a cause of action only where there is a "legislative or constitutional endorsement in the form of a specific prohibition, requirement or privilege." *Smith v. Calgon Carbon Corp.*, 917 F.2d at 1344. Specifically, the *Smith* court held that the public policy exception is particularly inappropriate where the discharge is the result of workplace conduct. *Id.* In *Rossi*, the Pennsylvania Superior Court found that no public policy was implicated when an employee was terminated because he disagreed with the way in which his superiors were managing the department within which he worked. *Rossi*, 489 A.2d at 836. In this case, plaintiff has alleged no such "specific prohibition, requirement or privilege" which would justify the application of the public policy exception to the general rule that the decision to termi-

nate a troublesome employee is left to the unencumbered discretion of the employer. *See Id.*

■ Plaintiff alleges that she was discharged as a result of her refusal to perform unlawful acts and for filing a complaint with the Human Relations Commission. (Complaint p. 3). However, other than in the complaint in which she states that Peter Paoli requested that she misrepresent Loretta Parrish's actions, (Complaint ¶ 12), when question on the matter plaintiff stated under oath that Mr. Paoli requested only that she document any past wrongdoing by Loretta Parrish. (Ex. F) ("... he wanted me to do a write-up, outlining all the trouble I have had with Loretta ... Pete said he is not asking me to lie, just to write up all the problems of the past."). Furthermore, plaintiff testified under oath that she believed she was retaliated against because she complained to the New York Philip Morris office about Peter Paoli. (Ex. E p. 207 and Ex. J p. 169). If this is true, the retaliatory actions allegedly taken against plaintiff began before she filed her PHRC complaint when Joanne Donovan placed her on a medical leave of absence. (Ex. G). Based on the record before us, we find that plaintiff's claim that she was retaliated against because she would not fabricate evidence against Loretta Parrish or because she filed a PHRC complaint to be without merit.

■ Second, plaintiff claims she was the victim of sex and/or handicap discrimination. The standard used for both types of discrimination is the same. *Civil Service Com. v. Pennsylvania Human Relations Com.*, 527 Pa. 315, 591 A.2d 281 (1991). That is, plaintiff has the burden of establishing that she is a member of the protected class who was dismissed despite her qualifications and that she was replaced by a person in a nonprotected class. *Levendos v. Stern Entertainment, Inc.*, 860 F.2d 1227, 1229–30 (3d Cir. 1988); *Civil Service Comm.*, 591 A.2d at 282. As to plaintiff's allegations of sexual discrimination, her claim fails at the very outset for she was replaced by another woman, a member of the protected class. As to the handicap discrimination, plaintiff claims that she

was discriminated against because she was mentally ill. However, throughout her depositions and her various letters, plaintiff maintains that she was discharged because of her complaints regarding Peter Paoli not because of her mental problems. Again, plaintiff has not established the requisite *prima facie* case of discrimination which is her burden to bear. Thus, her discrimination claims are also without merit.

■ Next, we turn to plaintiff's claim for intentional infliction of emotion distress. Plaintiff alleges that defendant has caused her "severe emotional distress in that plaintiff has been unable to find other similar professional employment because of the emotional scars of Philip Morris' actions and plaintiff has been subjected to rumors and innuendos of mental illness." (Complaint ¶ 40). Our analysis of this claim is guided by the case of *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir.1988) which held that the " 'conduct must be so outrageous in character, and so extreme in degree, so as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.' " *Id.* at 395 *quoting Buczek v. First National Bank of Mifflintown*, 366 Pa.Super. 551, 531 A.2d 1122, 1125 (1987). A claim for intentional infliction of emotional distress does not lie where the dismissal was undercut by a mere improper motive. *Cox*, 861 F.2d at 396. In this case, defendant first placed plaintiff on a paid leave of absence and then once the decision was made to discharge her, she received two months' severance pay. (Ex. B p. 70). In light of the *Cox* decision in which the Third Circuit refused to recognize such a cause of action where the employer had discharged the employee on the day the employee returned from a three month leave of absence after undergoing triple bypass surgery, the facts presented by this case do not rise to the level of outrageous conduct necessary to maintain a claim for intentional infliction of emotional distress.

■ Plaintiff also alleges that she was sexually harassed by Peter Paoli. The Third Circuit has set forth a five prong test which a plaintiff must meet in order to bring a successful claim of sexual harassment based on a hostile work environment: (1) the employee suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of a respondeat superior. *Andrews v. Philadelphia*, 895 F.2d 1469, 1482 (3d Cir.1990). Plaintiff's claim fails in that she has failed to properly allege that the discrimination based on her sex, if any existed, was pervasive and regular. She testified that there was only one example of any sexually provocative or suggestive conduct by Mr. Paoli. (Ex. D p. 69–70). One example of sexual harassment will not support an actionable claim for such conduct. *Ezold v. Wolf, Block, Schorr and Solis–Cohen*, 983 F.2d 509, 546 (3d Cir.1992).

■ Lastly, plaintiff's complaint contains a claim for defamation of character because "Philip Morris, U.S.A., Inc. has circulated as a reason for her dismissal the fact that she was mentally ill." (Complaint ¶ 37). Plaintiff has never hidden the fact that she has suffered from mental illness. She volunteered the information to Peter Paoli when he first interviewed her for the job of Administrative Assistant. Because truth is an absolute defense to allegations of defamation, *Avins v. Moll*, 610 F.Supp. 308, 323 (E.D.Pa. 1984), plaintiff's defamation claim must also fail.

After careful examination of the unrebutted evidence before us and the allegations contained in the complaint, this court finds that no reasonable jury could find in favor of the plaintiff on any of the claims contained in her complaint and, thus, summary judgment should be entered in favor of the defendant, Philip Morris U.S.A., Inc.

An appropriate order follows.

## ORDER

AND NOW, this 2nd day of March, 1993 upon consideration of Defendant Philip Morris U.S.A., Inc.'s Motion for Summary Judg-

ment, it is hereby ORDERED that the motion is GRANTED.