531 A.2d 1122

**Henry BUCZEK and Jeanne Buczek**

v.

**FIRST NATIONAL BANK OF MIFFLINTOWN and J. Alan Zendt.**

Superior Court of Pennsylvania.

Argued April 2, 1987.

Filed Oct. 2, 1987.

552

Jesse J. Cooper, Harrisburg, for appellant.

Thomas A. French, Harrisburg, for Zendt, appellee.

Before WIEAND, BECK and CERCONE, JJ.

BECK, Judge:

This is a civil action based on a four-count Complaint filed by plaintiff-appellants, Henry and Jeanne Buczek (Buczeks), against defendant-appellees First National Bank of Mifflintown (Bank) and J. Alan Zendt (Zendt), an officer of the Bank. The Bank and Zendt both filed preliminary objections in the nature of a demurrer. This is an appeal from the trial court's order sustaining both defendant-appellees' preliminary objections and dismissing the Buczeks' Complaint. We affirm.

On June 29, 1979, the Buczeks purchased certain real estate located in Juniata County known as the "Hetrick Farm." The purchase was financed in its entirety by a loan from the Bank, which was arranged by Zendt. The loan was secured by a first mortgage in favor of the Bank against the property. According to the Complaint, there followed a course of dealings between the Buczeks and Zendt whereby the Buczeks attempted to satisfy their obligation to the Bank through various payments and refinancing arrangements.

The Complaint further states that, in the fall of 1980, the Buczeks entered into an agreement to sell the "Hetrick Farm" to Mr. Deamer. The agreement is alleged to have been contingent upon financing. According to the Com-

plaint, when Mr. Deamer applied to the Bank for a purchase money mortgage, Zendt required additional collateral to secure the loan. Deamer refused to put up this collateral, and the sale fell through. The Buczeks contend that the demand for additional security was unreasonable, given Deamer's financial situation. They claim that because of Zendt's refusal to make the loan without additional collateral, the Buczeks were unable to sell the farm until March, 1984, causing them damages in the amount of the interest paid on the mortgage in the interim. The Buczeks further allege that from January, 1980 to the spring of 1983, Zendt engaged in a course of harassment of the Buczeks that was designed to allow him to obtain for himself various properties of the Buczeks at a price well below fair market value. The Buczeks seek compensatory and punitive damages.

The Buczeks' Complaint demands judgment on four counts. The trial court sustained defendant-appellees' demurrers on the basis that none of the counts stated a cause of action. The court explained its order in a two-page Memorandum Opinion filed June 4, 1986. On appeal, the Buczeks challenge that ruling as to each count by stating the following questions:

A. Does count I of Plaintiffs' complaint state a cause of action against the defendants for an accounting?

B. Does Count II of Plaintiffs' complaint state a cause of action against the defendants arising from defendants' alleged unjustified refusal to grant financing to a purchaser of plaintiffs' property?

C. Does Count III of Plaintiffs' complaint state a cause of action against the defendants for intentional infliction of emotional distress?

D. Does Count IV of the Plaintiffs' complaint state a cause of action against defendant bank on a respondeat or negligence basis?

We have reviewed the briefs, the arguments of parties, the record, and the trial court opinion, and we conclude that the Buczeks' arguments are meritless. The trial court opinion economically states our view, and we adopt the trial

court's reasoning. However, for purposes of a full exposition of the facts and applicable law, we supplement that reasoning with the following analysis.

■ In Count I of their Complaint, the Buczeks allege the following: "Despite some attempt after the fact to explain the application of the payments by Defendant Bank, Plaintiffs are still unable to ascertain fully exactly what happened to the monies paid by them to the bank." As a result, the Buczeks demand that the Bank and Zendt account to them for all monies received by the Bank from the Buczeks. On appeal, the Buczeks claim that a confidential relationship existed between them and Zendt, thereby creating a cause of action in assumpsit for an accounting. Alternatively, the Buczeks allege a cause of action for an accounting in equity, on the basis that relevant facts are "particularly within defendants' knowledge." Neither claim has merit.

The right to demand an accounting at law is found in Pa.R.Civ.P. 1021(a), which provides:

> Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded.

The right to relief in the form of an accounting pursuant to Rule 1021 is merely an incident to a proper assumpsit claim. The Complaint does not, however, allege that funds paid by the Buczeks to the Bank were not due and owing and properly payable. Nor is it claimed that the Buczeks overpaid sums owed to the Bank. Indeed, the only allegations of the Complaint which touch on this point state that payments were made to satisfy the debt owed. The fact that the Buczeks do not understand what the Bank did with the money after it was received does not state a cause of action for breach of contract or any other assumpsit claim. Thus, the Buczeks have no cause of action at law for an accounting. *See Haft v. United States Steel Corp.*, 346 Pa.Super. 404, 499 A.2d 676 (1985).

Nor do the Buczeks have a cause of action in equity. Pursuant to Pa.R.Civ.P. 1530, an equitable accounting is not proper where there is no fiduciary relationship between the parties, no fraud or misrepresentation is alleged, where the accounts are not mutual or complicated, or where the plaintiff possesses an adequate remedy at law. *Ebbert v. Plymouth Oil Co.*, 348 Pa. 129, 34 A.2d 493 (1943); *Shaw v. Newingham*, 279 Pa. 180, 123 A. 783 (1924); *Graham v. Cummings*, 208 Pa. 516, 532, 57 A. 943, 949 (1904). Equitable jurisdiction for an accounting does not exist merely because the plaintiff desires information that he could obtain through discovery. Neither the Bank nor Zendt acted as agent or trustee for the Buczeks. The Bank received money in payment from a debtor. The Complaint fails to allege any facts which could transform the debtor-creditor relationship between the Buczeks and appellees into a fiduciary relationship. *See Federal Land Bank of Baltimore v. Fetner*, 269 Pa.Super. 455, 461, 410 A.2d 344, 348 (1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *Grace v. Moll*, 285 Pa. 353, 355, 132 A. 171, 171–72 (1926).

In Count II of their Complaint, the Buczeks allege that Zendt "improperly and unreasonably prevented Kenneth Deamer from obtaining financing which would have enabled him to purchase the Hetrick Farm from [the Buczeks] in the fall of 1980 ..." This claim does not state a cause of action, because the Bank had an absolute right to refuse the Buczeks' application for a mortgage loan. *Todd v. Skelly*, 384 Pa. 423, 120 A.2d 906 (1956).

The Buczeks also assert that, even if a bank owes no duty to make a loan, the failure to grant a loan requested by a purchaser under an agreement of sale containing a financing contingency states a claim for intentional interference with contract. This claim is likewise meritless.

Our Supreme Court has adopted the Restatement (Second) of Torts § 766 (1977):

Intentional Interference with Performance of Contract by Third Person

One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third person's failure to perform the contract.

*Alder, Barish, Daniels, Levin and Creskoff v. Epstein*, 482 Pa. 416, 393 A.2d 1175 (1978). Under the language of the Restatement, a defendant must have interfered with the performance of a contract, by intentionally and improperly acting, or failing to act where a duty to do so exists. Where the complaint fails to allege circumstances which establish that a defendant's actions were "unprivileged" or "improper," the complaint is properly dismissed on preliminary objections. *Raneri v. DePolo*, 65 Pa.Commw. 183, 441 A.2d 1373 (1982). *See also S.N.T. Industries, Inc. v. Geanopulos*, 363 Pa.Super. 97, 525 A.2d 736 (1987). Moreover, in their brief the Buczeks concede that their Complaint fails to allege any intent to cause harm by Zendt. Thus, Count II was properly dismissed.

Count III of the Buczeks' Complaint alleges that Zendt harassed the Buczeks and engaged in a course of self-dealing in violation of his fiduciary obligation to them as a bank officer, and in so doing, engaged in extreme and outrageous conduct, causing emotional distress and "upsetment" for which compensatory and punitive damages are demanded. The Buczeks allege that this Count states a cause of action for the tort of intentional infliction of emotional distress. We disagree.

The Restatement (Second) of Torts § 46(1) (1965) defines this tort:

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress,

and if bodily harm to the other results from it, for such bodily harm.

The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," and where the requisite outrageous conduct is not alleged, dismissal of the claim on preliminary objections is appropriate.[1] *See D'Ambrosio v. Pennsylvania National Mutual Casualty Ins. Co.*, 494 Pa. 501, 511 n. 8, 431 A.2d 966, 971–72 n. 8 (1981); Restatement (Second) of Torts § 46 comment d (1965). The actions that Zendt is alleged to have taken in an effort to collect the Buczeks' overdue loans and to purchase their property do not satisfy this standard, particularly when viewed in the commercial context alleged in the Complaint.

As their final argument, the Buczeks contend that Count IV of their Complaint states a cause of action against the Bank. The Buczeks claim that the Bank is responsible for Zendt's actions either on a respondeat superior basis, or alternately, on a theory that the Bank was negligent for failing to properly supervise him. Neither claim has merit. Since, as we have demonstrated above, the Buczeks have not stated a cause of action against Zendt, the Bank cannot be liable to them on a respondeat superior basis. Nor did the Complaint alleged any facts which would constitute an act or omission by the Bank that would support a negligence action. Thus, we conclude that the Buczeks had no cause of action against the Bank. *See Todd v. Skelly.*

Order affirmed.

1. We note that the Supreme Court has recently clarified that it has never adopted Section 46 as the law of the Commonwealth. *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988 (1987). The Court expressed concern that the subjective nature of the concept of outrageousness "renders the cause of action one which tends to defy principled adjudication." *Id.*, 515 Pa. at 195, 527 A.2d at 993–994. In an attempt to render proof of the tort more objective, the *Kazatsky* Court held that "if Section 46 of the Restatement is to be accepted in this Commonwealth, at the very least, existence of the alleged emotional distress must be supported by competent medical evidence." *Id.*, 515 Pa. at 197, 527 A.2d at 995.