

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# Televandos v. Vacation Charters

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Televandos v. Vacation Charters" (2008). *2008 Decisions.* Paper 1614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 06-4618 & 07-2007

———————

ALKIS TELEVANDOS

v.

VACATION CHARTERS, LTD.,

Appellant.

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-00989)
District Judge: Honorable Richard P. Conaboy

———————

Argued January 8, 2008

———————

Before: FISHER, HARDIMAN and ALDISERT, Circuit Judges

(Filed: February 12, 2008)

Brian J. Cali
103 E. Drinker Street
Dunmore, PA 18512

Daniel T. Brier
Donna A. Walsh (Argued)
Myers, Brier & Kelly, L.L.P.
425 Spruce Street, Suite 200
Scranton, PA 18503

        Counsel for Appellant

Johanna L. Gelb (Argued)
538 Spruce Street, Suite 600
Scranton, PA 18503

Counsel for Appellee

OPINION

ALDISERT, <u>Circuit Judge</u>

Appellant Vacation Charters, Ltd., appeals from a judgment entered by the United States District Court for the Middle District of Pennsylvania in favor of Appellee Alkis Televandos. We will reverse the District Court's denial of Vacation Charters's motions for judgment as a matter of law on Televandos's intentional infliction of emotional distress claim. We will affirm the District Court's denial of Vacation Charters's motions for judgment as a matter of law on Televandos's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u>, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §§ 951 <u>et seq.</u>, and we will affirm the District Court's evidentiary rulings. We will remand the case to the District Court for a new trial on the issue of Title VII compensatory damages. We will affirm the District Court's denial of Vacation Charters's motion to stay proceedings to enforce the judgment and its award of attorneys' fees and costs.

I.

Because we write exclusively for the parties before us and the parties are familiar

2

with the facts and proceedings below, we will not revisit them.

A.

In addressing the quantum of proof necessary to support a claim for intentional infliction of emotional distress,[1] the Pennsylvania Supreme Court has held that a plaintiff's own testimony concerning his emotional distress is not competent medical evidence to support the claim. Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 995 (Pa. 1987); see also Williams v. Guzzardi, 875 F.2d 46, 51 (3d Cir. 1989) ("To prevent damages from being inferred from the defendant's conduct alone, the court require[s] some 'objective proof of severe emotional distress' . . . ." (quoting Kazatsky, 527 A.2d at 993)).

Here, the only testimony concerning the emotional effects and injuries resulting from Televandos's experiences with Vacation Charters was from Telvandos himself. Therefore, the evidence presented by Televandos was insufficient to support his claim for

---

[1] Although the Supreme Court of Pennsylvania has not officially recognized the tort of intentional infliction of emotional distress and its definition in § 46 of the Restatement (Second) of Torts, the Supreme Court of Pennsylvania has recognized § 46 as articulating the minimum requirements of the tort. Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000). Section 46 provides:

> One who by extreme and outrageous conduct intentionally or
> recklessly causes severe emotional distress to another is
> subject to liability for such emotional distress, and if bodily
> harm to the other results from it, for such bodily harm.

Id. (quoting Restatement (Second) of Torts § 46(1)). Assuming for the purposes of this appeal that the tort exists and applying the minimum requirements of § 46, Televandos failed to present sufficient evidence to permit recovery under the tort.

3

intentional infliction of emotional distress.

## B.

A plaintiff seeking recovery for intentional infliction of emotional distress must also demonstrate that the defendant engaged in extreme and outrageous conduct. The Pennsylvania Supreme Court has defined extreme and outrageous conduct as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) (quoting Buczek v. First Nat'l Bank of Mifflintown, 531 A.2d 1122, 1125 (Pa. Super. 1987)).

Televandos did not allege any conduct sufficiently extreme and outrageous to support his claim of intentional infliction of emotional distress. The actions alleged by Televandos – that Vacation Charters discriminated against him because of his national origin and retaliated against him for defending another employee and for submitting his own claim of discrimination – do not reach the same level as particularly vile sexual harassment that has been the basis for a finding of extreme and outrageous conduct in the employment context under Pennsylvania law. See Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) ("[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.").

As Televandos failed to present competent medical evidence of his injuries and Vacation Charters did not engage in any extreme and outrageous conduct, the District

4

Court erred in denying Vacation Charters's motions for judgment as a matter of law as to Televandos's intentional infliction of emotional distress claim.

## II.

The District Court did not err in denying Vacation Charters's motions for judgment as a matter of law on Televandos's Title VII and PHRA claims.

## A.

Title VII discrimination claims invoke the familiar burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this framework, a reasonable jury can find for a plaintiff when the plaintiff makes a prima facie case of discrimination and presents sufficient evidence that the employer's stated nondiscriminatory reason was false. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).

We are satisfied that Televandos established a prima facie case of discrimination by demonstrating that he was a Cypriot, was qualified for and wanted to be considered for the position of executive chef, was not hired for that position, and that the position was held open and a Caucasian individual was ultimately hired for the position. We are also satisfied that a reasonable jury could have disbelieved Vacation Charters's proffered nondiscriminatory reason for not promoting Televandos and found that Vacation Charters improperly discriminated against Televandos. Evidence introduced at trial detailed that Televandos had extensive restaurant experience, that only four people of Middle Eastern descent worked at the Lodge in the 12 years Charles Dickinson had been managing the

5

resort, and that Televandos was disciplined for conduct that went undisciplined when performed by others. Accordingly, the District Court did not err in denying Vacation Charters's motion for judgment as a matter of law as to Televandos's Title VII and PHRA discrimination claims.

B.

The Title VII burden shifting framework also applies to Title VII retaliation claims. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

1.

A reasonable jury could have found that Vacation Charters retaliated against Televandos by not promoting him to the executive chef position because of his support of Sawah. Televandos presented evidence that he opposed discrimination against Sawah and engaged in protected conduct. See Moore v. City of Philadelphia, 461 F.3d 331, 343 (3d Cir. 2006) ("'Opposition' to discrimination can take the form of 'informal protests of discriminatory employment practices, including making complaints to management.'" (quoting Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006))). The jury could properly infer a causal link between Televandos's opposition to discrimination against Sawah and Vacation Charters's failure to promote him in light of the temporal proximity between these events and Televandos's evidence challenging Vacation Charters's proffered nondiscriminatory reason. See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 288-289 (3d Cir. 2001). We are satisfied that a reasonable jury could have found that Vacation Charters did not promote

6

Televandos, not for his lack of qualifications, but in retaliation for Televandos's expressed opposition to discrimination against Sawah.

## 2.

A reasonable jury could have found that Vacation Charters retaliated against Televandos because he submitted his own claim of harassment. Televandos testified that he used the word "discrimination" during his conversation with John Ziminsky immediately following his submission of his two-sentence statement. Dickinson also testified that Televandos had used the word "discrimination" when making complaints to him. As the jury could properly infer a causal link between Televandos's submission of the statement and his firing because of their temporal proximity, id., we are satisfied that a reasonable jury could have found that Vacation Charters fired Televandos, not for his disciplinary write-ups and general failure of performance, but in retaliation for submitting his own statement alleging discrimination.

## C.

The jury could have properly determined Televandos's lost wages damages to be $46,345.51. We must, however, vacate the jury's award of compensatory damages. Because we cannot determine from the special interrogatories submitted to the jury whether the jury awarded compensatory damages for Televandos's legally insufficient tort claim, we will remand the case to the District Court for a new trial on the issue of Title VII compensatory damages.

## III.

Vacation Charters also appeals two evidentiary rulings made by the District Court. Defendant's Exhibit 8 contained a "Note to File" purportedly prepared by Ziminsky following Televandos's submission of his claim of harassment. Applying the abuse of discretion standard, <u>Barker v. Deere and Co.</u>, 60 F.3d 158, 161 (3d Cir. 1995), we are satisfied that the District Court did not err in refusing to admit the exhibit into evidence.

Plaintiff's Exhibits 38a and 38b contained calculations of Televandos's lost wages damages from the time he was terminated by Vacation Charters to the time he obtained other employment. The calculations in Exhibit 38a were based on Televandos's salary as a line cook while working for Vacation Charters; the calculations in Exhibit 38b were based upon the bi-weekly salary paid to Jeff Utzman, the executive chef hired for the position sought by Televandos. Applying the abuse of discretion standard, <u>id.</u>, we conclude that the District Court did not err in admitting these two exhibits into evidence.

IV.

Vacation Charters was given several opportunities to oppose Televandos's motion for attorneys fees as required by Rule 54(d)(2)(C), Federal Rules of Civil Procedure. Upon its filing, Vacation Charters had 20 days in which to respond to the petition. Vacation Charters chose not to do so. Three weeks after the time for response expired, the District Court gave Vacation Charters the option of either filing a brief in opposition to the motion or filing a motion to stay action on the pending attorneys' fees motion. Vacation Charters did neither. Instead, it filed a motion to stay enforcement of the judgment pursuant to Rule 62. Rule 62 was a facially inapplicable rule as Televandos had

8

not initiated proceedings to enforce the judgment. Therefore, the District Court did not err in denying Vacation Charters's motion to stay proceedings to enforce the judgment. Accordingly, we will affirm the District Court's award of fees to Televandos.[2]

* * * * *

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed in part and reversed in part. The compensatory damage award will be vacated, and the case will be remanded for a new trial to determine Televandos's Title VII compensatory damages in accordance with the foregoing.

---

[2] This disposition is without prejudice to any fees for work performed subsequent to the date included in the previous petition for attorneys' fees.