## Malin v. RCN Corp.

*Michael H. Malin Sr.,* pro se.

*Dean H. Malik,* for defendant Philips & Cohen Assocs. Ltd.

*Robert H. Lefevre,* for defendant RCN Corp.

*Lisa B. Wershaw,* for defendants Chase National Bank and JPMorgan Chase.

*Richard A. Kessler,* for defendant NCO Financial Systems Inc.

TILSON, *J.,* December 10, 2009—

## FACTS AND PROCEDURAL HISTORY

Appellant, Michael H. Malin Sr., appeals from this court's order of October 9, 2009, sustaining appellees', Chase National Bank, RCN Corp., and NCO Financial Systems Inc., preliminary objections to appellant's second amended complaint, and dismissing the second amended complaint with prejudice.

On April 29, 2008, appellant filed a complaint against RCN Corp, and Chase National Bank. On May 27, 2008, RCN Corp. filed preliminary objections. On June 16, 2008, appellant filed an amended complaint against RCN Corp., Chase National Bank, Phillips & Cohen Associates Ltd., and NCO Financial Systems Inc. On July 10, 2008, Chase National Bank filed an answer and new matter to appellant's amended complaint. On July 21, 2008, Phillips & Cohen Associates Ltd. filed preliminary objections to appellant's amended complaint. On August 11, 2008, NCO Financial Systems Inc. filed an answer and new matter to appellant's amended complaint. On September 5, 2008, appellant filed preliminary objections to NCO Financial Systems Inc.'s answer and new matter. On October 17, 2008, RCN Corp., filed preliminary objections to appellant's amended complaint. On December 30, 2008, this court entered an order on Phillips & Cohen Associates Ltd. and RCN Corp.'s preliminary objections to plaintiff's amended complaint. The order provides the

following: (1) Phillips & Cohen Associates' preliminary objections in the nature of demurrer to Count V and IX are sustained and plaintiff is directed to amend his amended complaint; (2) Count VIII for harassment is dismissed against Phillips & Cohen Associates Ltd.; (3) plaintiff's preliminary objection is dismissed; (4) RCN Corp's preliminary objection that appellant does not allege the specific relationship is sustained and appellant is directed to file a more specific complaint; and (5) RCN Corp.'s preliminary objection to harassment and punitive damages are sustained.

On January 28, 2009, appellant filed a second amended complaint against Chase National Bank, RCN Corp., NCO Financial Systems Inc., and Phillips & Cohen Associates Ltd. which included the following counts: (1) Plaintiff v. RCN and Chase, Pennsylvania Unfair Trade Practices and Consumer Protection Law; (2) Plaintiff v. RCN, Intentional or negligent misrepresentation; (3) Plaintiff v. RCN, conversion; (4) Plaintiff v. RCN and Chase, theft by deception; (5) Plaintiff v. RCN and Chase, Phillips & Cohen, intentional or negligent infliction of emotional distress; (6) Plaintiff v. All Defendants, Fair Credit Extension Uniform Act and Pennsylvania Loan Interest and Protection Law; (7) Plaintiff v. All Defendants, harassment and abuse; (8) Plaintiff v. Phillips & Cohen Associates Ltd.; and (9) Plaintiff v. NCO Financial Systems Inc. Appellant alleged that between 2005 and 2007, charges by RCN Corp. were improperly submitted by RCN Corp. and posted by Chase National Bank on appellant's Chase National Bank credit card, which appellant maintains had expired and was discontinued by him in 2004, and that appellees improperly sought to collect the unauthorized RCN Corp. debt from him. On

February 20, 2009, Chase National Bank filed preliminary objections to appellant's second amended complaint. On February 23, 2008, RCN Corp. and NCO Financial Systems Inc. filed preliminary objections. On March 9, 2009, Phillips & Cohen Associates Ltd. filed preliminary objections. On June 16, 2009, Phillips & Cohen Associates Ltd. filed an answer and new matter to appellant's second amended complaint.

On September 2, 2009, oral argument was held on the appellees' preliminary objections to appellant's second amended complaint. After an oral argument on defendants', Chase National Bank, RCN Corp. and NCO Financial Systems Inc., preliminary objections to plaintiff's second amended complaint, this court entered an order sustaining the preliminary objections and dismissing the second amended complaint with prejudice.

## ISSUES

Appellant filed the instant appeal on November 9, 2009 and raised the following issues in his concise statement of matters complained of on appeal filed on November 27, 2009:

(1) The court's order dismisses the plaintiff's second amended complaint against all defendants. Including Phillips & Cohen Associates Ltd. when the court by order of May 26, 2009, dismissed its preliminary objection for failure to file a brief in support. The court ordered the filing of an answer. Plaintiff filed an answer to the new matter of defendant. Accordingly, the pleadings are closed with respect to that defendant and the plaintiff was entitled to proceed even if all others were dismissed.

The court erred in dismissing Phillips & Cohen from this case. There was no other motion before the court filed by that defendant.

(2) The court erred in its orders of December 30, 2008 in requiring plaintiff to plead a more specific or personal relationship with RCN to sustain his action against RCN for the unauthorized use of his credit card or "identify theft," *i.e.,* the misuse thereof. No legal basis exists for such a requirement and such a requirement is patently erroneous. Plaintiff is not aware that any such authority exists for a "personal relationship." Nor has any been produced in this action.

(3) The court erred in failing to find that RCN upon the alleged facts, violated 18 Pa.C.S. §4106(a)(1)(iii) et seq. and known as the Pennsylvania Unfair Trade Practice Act and 18 Pa.C.S. §3922 thereof. The court erred finding that RCN's unauthorized action in charging such to plaintiff's closed card membership with Chase was not in violation also of the Fair Credit Extension and Uniformity Act 73 P.S. §2270.1.

(4) The court erred in finding that plaintiffs' claims for the statutory and common-law claims lack specificity.

(5) The court erred in dismissing plaintiff's claim against NCO under the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

(6) The court erred in dismissing plaintiff's claim against Chase National Bank under the Fair Debt Practices Act, *supra.*

(7) The court erred in dismissing plaintiff's claim against Phillips & Cohen Associates under the Fair Debt Collection Practices Act, *supra.*

438

(8) The court erred in dismissing plaintiff's claim against all defendants (except RCN) for violations of the Pennsylvania Loan Interest and Collection Law 41 Pa.C.S. §101 et seq.

(9) The court erred in dismissing plaintiff's claims for harassment by debt collectors when such is available under the statutes cited including but not limited to The Fair Debt Collection Practices Act.

## STANDARD OF REVIEW

An appellate court's scope of review where there has been a challenge to the sustaining of preliminary objections in the nature of a demurrer was set forth by this court in *Vattimo v. Lower Bucks Hospital Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983). *MacElree v. Philadelphia Newspapers Inc.*, 544 Pa. 117, 124, 674 A.2d 1050, 1054 (1996). "All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review]." *Id., Vattimo v. Lower Bucks Hospital Inc.*, 502 Pa. at 244, 465 A.2d at 1232-33. "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Id.* "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Id.*

## ANALYSIS

Appellant's first statement of matters complained of on appeal states the following:

"The court's order dismisses the plaintiff's second amended complaint against all defendants. Including

Phillips & Cohen Associates Ltd. when the court by order of May 26, 2009, dismissed its preliminary objection for failure to file a brief in support. The court ordered the filing of an answer. Plaintiff filed an answer to the new matter of defendant. Accordingly, the pleadings are closed with respect to that defendant and the plaintiff was entitled to proceed even if all others were dismissed. The court erred in dismissing Phillips & Cohen from this case. There was no other motion before the court filed by that defendant."

Appellant's seventh statement of matters complained of on appeal states the following:

"The court erred in dismissing plaintiff's claim against Phillips & Cohen Associates under the Fair Debt Collection Practices Act, *supra*.

On March 9, 2009, Phillips & Cohen Associates Ltd. filed preliminary objections. On June 16, 2009, Phillips & Cohen Associates Ltd. filed an answer and new matter to appellant's second amended complaint. The order dated October 9, 2009 ruled on Chase National Bank, RCN Corp, and NCO Financial Systems Inc.'s preliminary objections to plaintiff's second amended complaint filed February 20, 2008 and February 23, 2008, and did not rule on Phillips & Cohen Associates Ltd.'s preliminary objections because Phillips & Cohen Associates Ltd. filed an answer and new matter to appellant's second amended complaint. Therefore, appellant's second amended complaint should not be dismissed against Phillips & Cohen Associates Ltd.

Appellant's second statement of matters complained of on appeal states the following:

"The court erred in its orders of December 30, 2008 in requiring plaintiff to plead a more specific or per-

sonal relationship with RCN to sustain his action against RCN for the unauthorized use of his credit card or "identify theft," *i.e.,* the misuse thereof. No legal basis exists for such a requirement and such a requirement is patently erroneous. Plaintiff is not aware that any such authority exists for a 'personal relationship.' Nor has any been produced in this action."

On October 17, 2008, RCN Corporation filed preliminary objections to plaintiff's amended complaint joining additional defendants. RCN Corp. argued that appellant lacks legal capacity to maintain the action in that appellant has not alleged in his complaint that he has contracted with RCN Corp. appellant's second amended complaint contains claims against RCN Corp. for violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law; intentional or negligent misrepresentation; conversion; theft by deception; intentional or negligent infliction of emotional distress; violations of Fair Credit Extension Uniform Act and Pennsylvania Loan Interest and Protection Law; and harassment and abuse. Upon review of the pleadings, this court found that appellant neither alleged that appellant contracted with RCN Corp. nor alleged a specific relationship between appellant and RCN Corp., and therefore this court sustained RCN Corp.'s preliminary objection.

Appellant's third statement of matters complained of on appeal states the following:

"The court erred in failing to find that RCN upon the alleged facts, violated 18 Pa.C.S. §4106(a)(1)(iii) et seq. and known as the Pennsylvania Unfair Trade Practice

Act and 18 Pa.C.S. §3922 thereof. The court erred finding that RCN's unauthorized action in charging such to plaintiff's closed card membership with Chase was not in violation also of the Fair Credit Extension and Uniformity Act 73 P.S. §2270.1."

This court did not fail to find that RCN Corp. violated the Pennsylvania Unfair Trade Practice Act and this court did not find that RCN's unauthorized action in charging such to plaintiff's closed card membership with Chase was not in violation also of the Fair Credit Extension and Uniformity Act because this court sustained Chase National Bank, RCN Corp. and NCO Financial Systems Inc.'s preliminary objections to plaintiff's second amended complaint and dismissed appellant's second amended complaint based on the preliminary objections raised by Chase National Bank, RCN Corp. and NCO Financial Systems Inc. for lack of legal and factual specificity.

Appellant's fourth statement of matters complained of on appeal states the following:

"The court erred in finding that plaintiff's claims for the statutory and common-law claims lack specificity."

Appellant's statement is not specific as to which claims he refers. However, this court believes that it is necessary to discuss the other preliminary objections raised by appellees. First, Chase National Bank and RCN Corp. filed preliminary objections in the nature of a demurrer to Count I—Pennsylvania Unfair Trade Practices and Consumer Protection Law. This court sustained this preliminary objection because appellants cites to criminal statute 18 Pa.C.S. §4106 "access device fraud", and appellant has not alleged that Chase National Bank used

appellant's allegedly cancelled credit card in an effort to obtain property or services from him or that Chase National Bank gave an access device to another person knowing it to be counterfeit or unauthorized. In addition, appellant cites to 18 Pa.C.S. §4106 "access device fraud" and 18 Pa.C.S. §3922, "theft by deception", which are criminal statutes, and only the Commonwealth can state a cause of action under this statute.

Second, Chase National Bank and RCN Corp. filed preliminary objections in the nature of a demurrer to Count IV—theft by deception. This court sustained this preliminary objection because there is no private right of action for theft by deception.

Third, Chase National Bank and RCN Corp. filed preliminary objections in the nature of a demurrer to Count V—intentional or negligent infliction of emotional distress. Under the Restatement (Second) of Torts, §46, intentional infliction of emotional distress will lie where "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." It has been said that "[t]he conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Buczek v. First National Bank of Mifflintown,* 366 Pa. Super. 551, 531 A.2d 1122 (1987). In Pennsylvania, a cause of action for negligent infliction of emotional distress depends upon three factors: (1) Whether plaintiff was located near the scene of the ac-

cident as contrasted with one who was a distance away from it; (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) Whether plaintiff and the victim were closely related as contrasted with an absence of any relationship or the presence of only a distant relationship. *Sinn v. Burd,* 486 Pa. 146, 174, 404 A.2d 672, 685 (1979). This court sustained this preliminary objection because upon review of appellant's second amended complaint, appellant failed to set forth any factual basis that demonstrates extreme and outrageous conduct or behavior by appellees or extreme emotional distress suffered by appellant, which is required to make a prima facie case.

Fourth, RCN Corp. filed a preliminary objection to Count II—intentional or negligent misrepresentation. The elements of intentional misrepresentation are as follows: (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Restatement (Second) of Torts §525. Negligent misrepresentation requires proof of: (1) misrepresentation of material fact; (2) made under circumstances in which misrepresenter ought to have known its falsity; (3) with intent to induce another to act on it; and (4) which results in injury to party acting in justifiable reli-

ance on misrepresentation. Restatement (Second) of Torts §552. Appellant's second amended complaint, paragraph 25 provides that RCN fraudulently represented to defendant Chase that it had plaintiff's authority to charge the Chase card without advising plaintiff that it was charging his card even without autoplay authorization, which it had a fiduciary duty to do and to act in good faith." Upon review of appellant's second amended complaint, this court found that appellant failed to allege sufficient facts to establish either claim against RCN Corp.

Fifth, RCN Corp. filed a preliminary objection to Count III—conversion. A "conversion" is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification. "Conversion" has also been defined as an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of its use and possession. Upon review of the second amended complaint, plaintiff alleges (1) RCN obtained funds which did not belong to RCN and has not returned to Chase the funds which it has converted in order to prevent its collection actions against plaintiff; (2) RCN's refusal to return funds which do not belong to it and which it was not authorized to obtain, despite plaintiff's many requests that RCN return those funds to Chase in order for plaintiff to avoid Chase's exorbitant late and interest finance charges; and (3) because Chase has taken the position that these charges are authorized and has sought to collect these funds from plaintiff, RCN, is in effect converting plaintiff's funds. (Second amended complaint,

paragraphs 29-31.) Upon review of appellant's second amended complaint, this court found that appellant failed to plead sufficient facts to establish a conversion claim against RCN Corp.

Appellant's fifth statement of matters complained of on appeal states the following:

"The court erred in dismissing plaintiff's claim against NCO under the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq."

NCO Financial Systems Inc. filed a preliminary objection to appellant's claim for violation of Pennsylvania Loan Interest and Protection Law in which NCO Financial Systems Inc. argued that appellant failed to include any factual averments of the alleged "improper and illegal methods of debt collection" by NCO Financial Systems Inc. and how it was usurious. Pennsylvania Rule of Civil Procedure 1019(a) provides that "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Section 2270.4 of the Fair Credit Extension Uniformity Act provides what shall constitute an unfair or deceptive debt collection act or practice under this act. Upon review of appellant's second amended complaint, this court found that appellant failed to identify what methods NCO Financial Systems Inc. applied that constitute an unfair or deceptive debt collection, and therefore this court found that appellant's second amended complaint lacked the necessary specificity.

Statement six provides: "The court erred in dismissing plaintiff's claim against Chase National Bank under the

Fair Debt Practices Act, *supra.*" Chase National Bank filed a preliminary objection to appellant's claim for violation of Fair Debt Collection Practices Act. Chase National Bank argued that appellant claims that Chase violated the Fair Debt Collection Practices Act, which is inapplicable to a creditor seeking directly to collect its own debt. "The statute does not apply to persons or businesses collecting debts on their own behalf." *Itri v. Equibank N.A.,* 318 Pa. Super. 268, 278, 464 A.2d 1336, 1341 (1983); 15 U.S.C. §1692(a)(4). "It is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.,* 15 U.S.C. §1692(a)(6). This court sustained this preliminary objection because the Fair Debt Collection Practices Act does not apply to Chase National Bank, who is a creditor.

Statement eight provides: "The court erred in dismissing plaintiff's claim against all defendants (except RCN) for violations of the Pennsylvania Loan Interest and Collection Law, 41 Pa.C.S. §101, et seq." Chase National Bank and NCO Financial Systems Inc. filed a preliminary objection to appellant's claim for violation of the Pennsylvania Loan Interest and Protection Law. Chase National Bank argued that the Pennsylvania Loan Interest and Protection Law prohibits the charge of usurious interest, and that appellant fails to include any factual averments of what interest rate Chase National Bank charged appellant, and how it was usurious. Appellant alleges at Count VI—Fair Credit Extension Uniform Act and Pennsylvania Loan Interest and Protection Law, paragraph 43 of appellant's second amended complaint, that "All defendants either caused an effort to or at-

tempted to charge plaintiff via improper and illegal methods of debt collection by Chase and its agents, servants, and employees which violated the Pennsylvania Fair Credit Extension Uniform Act, 73 P.S. §2270.1 et seq., and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692(a) et seq." Upon review of appellant's second amended complaint, this court found that appellant failed to allege specific factual allegations against appellees, and therefore this court found that appellant's second amended complaint lacked the necessary specificity.

Appellant's ninth statement of matters complained of on appeal states the following:

"The court erred in dismissing plaintiff's claims for harassment by debt collectors when such is available under the statutes cited including but not limited to The Fair Debt Collection Practices Act."

Appellees filed a preliminary objection to appellant's claim for harassment and abuse under 15 U.S.C. §1692(d) (5)(6). Chase National Bank argued that although the Fair Debt Collection Practices Act is incorporated in Fair Credit Extension Uniformity Act relating to unfair or deceptive acts by debt collectors, not creditors, to the extent that appellant is seeking to assert a claim against Chase National Bank under the Fair Debt Collection Practices Act, it does not apply to collection actions by creditors on its own debts. This court found the Fair Debt Collection Practices Act does not apply to Chase National Bank because the statute does not apply to persons or businesses collecting debts on their own behalf, and therefore appellant's claim for harassment and abuse

under 15 U.S.C. §1692(d)(5)(6) should be dismissed. *Itri v. Equibank N.A.,* 318 Pa. Super. 268, 278, 464 A.2d 1336, 1341 (1983); 15 U.S.C. §1692(a)(4). Paragraph 18 of appellant's second amended complaint provides that "defendants Phillips & Cohen Associates and NCO Financial were then hired by Chase to collect the debt. Both were advised in writing of the disputed debt. Both continued to communicate and harass in violation of relevant statutes." Paragraph 47 provides that "The actions of all defendants as set forth above in creating the illegal debt and attempting to collect it by constant harassment and abuse are illegal under 15 U.S.C. §1692(d)(5)(6)." Paragraph 48 provides "The actions of all defendants as described above have violated plaintiffs' and his daughter's right to privacy protected by statute and constitutional law." Upon review of appellant's second amended complaint, this court found that appellant failed to sufficiently set forth any material facts relating to the alleged harassment, and therefore this court sustained the preliminary objections.

## CONCLUSION

For the reasons set forth above, this court's order of October 9, 2009, sustaining defendants', Chase National Bank, RCN Corp., and NCO Financial Systems Inc., preliminary objections to plaintiff's second amended complaint filed February 20, 2008 and February 23, 2008, and dismissing the second amended complaint with prejudice, should be affirmed.