NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2251
_____

FRANCIS X. CHENEY, II,
                              Appellant

v.

DAILY NEWS L.P.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-01194)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2016

Before:  FISHER, CHAGARES and BARRY, *Circuit Judges*.

(Filed: February 5, 2016)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Francis Cheney II appeals the District Court's grant of the motion of Daily News L.P. ("the Daily News") to dismiss his claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts that are necessary to our analysis.

On January 29, 2015, the Daily News, a New York newspaper, published an article on its website with the headline, "Heated Sex Scandal Surrounds Philadelphia Fire Department: 'It's Bad Stuff.'" The article concerned a scandal within the Philadelphia Fire Department in which several firefighters were accused of having sex with a paramedic. The article consisted of two columns: the left column contained pictures, and the right column contained the text of the article. In the left column, a reader could toggle between two photographs: one of an unidentified firefighter outside of a burning building, captioned "A Philadelphia firefighter climbs a ladder during a fire in Coatesville, Pa.," and the second of Cheney, captioned "Philadelphia firefighter Francis Cheney holds a flag at a 9/11 ceremony in 2006." The photograph is focused on the firefighters' patch on the shoulder of Cheney's jacket, and, although his face is not blurred, it is out of focus.

The following day, the Daily News published a second article concerning the scandal but did not include the photograph of Cheney. It is undisputed that Cheney was not involved in the scandal described in the articles. Cheney claims that, after the articles were published, he received embarrassing messages from friends concerning the articles and his photograph.

Cheney filed suit in the Philadelphia County Court of Common Pleas, alleging claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress. The Daily News timely removed the case to the Eastern District of Pennsylvania and moved to dismiss Cheney's complaint under Rule 12(b)(6). The District Court granted the Daily News's motion, holding that Cheney could not establish that the allegedly defamatory material—in the text of the articles—was capable of being reasonably understood as concerning him. Cheney timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the District Court's grant of the Daily News's motion to dismiss. In considering an appeal from a dismissal based on Rule 12(b)(6), we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[1]

---

[1] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 230, 233 (3d Cir. 2008).

III.

Cheney claims that the District Court erred in dismissing his claims for: (1) defamation; (2) false light invasion of privacy; and (3) intentional infliction of emotional distress.

1.

Cheney argues that the District Court's decision to dismiss his defamation claim is inconsistent with applicable law and that the District Court ignored his well-pleaded allegations.

To allege a claim of defamation under Pennsylvania law, Cheney must plead: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of the defamatory meaning; and (5) understanding by the recipient that it is intended to be applied to the plaintiff.[2] In order to recover, Cheney must show that the defamatory statement was "of and concerning" him.[3] The relevant inquiry is "whether the defamatory material was

---

[2] 42 Pa. Cons. Stat. Ann. § 8343(a)(1)-(5); *Graboff v. Colleran Firm*, 744 F.3d 128, 135 (3d Cir. 2014).

[3] *N.Y. Times. Co. v. Sullivan*, 376 U.S. 254, 288-89 (1964); *see also Schonek v. WJAC, Inc.*, 258 A.2d 504, 507 (Pa. 1969).

capable of being reasonably understood as intended to refer to the complainant," and it is an issue for the trial court to decide.[4]

It is on this element that Cheney's claim fails. Cheney cannot show that the allegedly defamatory material in the article is capable of being reasonably understood as referring to him. The article does not name Cheney or indicate in any way that Cheney was involved in the scandal. Although the accompanying photograph is of Cheney, the caption makes clear that it is a stock photograph meant to illustrate firefighters in general, not those involved in the scandal.[5]

Because Cheney cannot establish that the allegedly defamatory statements in the article were "of and concerning" him, the District Court did not err in dismissing his defamation claim.

## 2.

Cheney next argues that the District Court erred in dismissing his false light invasion of privacy claim. Pennsylvania has adopted the Restatement (Second) of Torts' definition of false light invasion of privacy:

---

[4] *Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1385 (Pa. Super. Ct. 1984). Cheney also argues that the District Court ignored his well-pleaded allegations that the articles were capable of being understood as referring to Cheney. The Pennsylvania Supreme Court has held that this inquiry is one that must be decided by the courts. *Id.* Moreover, we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] I.O.P. 5.7 prevents us from citing to *Wallace v. Media News Group, Inc.*, 568 F. App'x 121 (3d Cir. 2014) (per curiam), raised in Cheney's brief. In addition to the fact that *Wallace* is not precedential and therefore not binding on this Court, the facts in that case are distinguishable.

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability … if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.[6]

"Falsity" is defined broadly and can be established where "discrete presentation of information … renders the publication susceptible to inferences casting one in a false light…."[7] Necessary to the cause of action is the requirement that the defendant gave "publicity to a matter *concerning* another."[8] As explained above, the articles are not capable of being understood as to suggest that Cheney was involved in the sex scandal. Thus, they are not "of and concerning" Cheney. For the same reasons that Cheney's defamation claim fails as a matter of law, so too does his false light invasion of privacy claim. The District Court did not err.

3.

Finally, Cheney argues that the District Court erred in dismissing his claim for intentional infliction of emotional distress.

Although the Pennsylvania Supreme Court has not expressly adopted the tort of intentional infliction of emotional distress, it has acknowledged that § 46 of the Restatement (Second) of Torts sets forth minimum elements required to satisfy the cause

---

[6] Restatement (Second) of Torts § 652E (1977).
[7] *Larsen v. Phila. Newspapers, Inc.*, 543 A.2d 1181, 1889 (Pa. Super. Ct. 1988).
[8] *Id.* at 1188.

of action.[9] Under § 46, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."[10] Pennsylvania courts have been "chary to declare conduct 'outrageous' so as to permit recovery…."[11] The conduct "'must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'"[12] It is for the court to determine in the first instance whether the conduct is extreme or outrageous, such that recovery may be permitted.[13]

As the District Court correctly found, even if the article were to create the false impression that Cheney was involved in the scandal, it does not rise to the level of "extreme or outrageous." Pennsylvania courts have found extreme and outrageous conduct only in the most egregious of situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children.[14] Under this standard, and accepting all of Cheney's allegations as true, publication of a

---

[9] *Hoy v. Angelone*, 720 A.2d 745, 753-54 & n.10 (Pa. 1998).

[10] Restatement (Second) of Torts § 46(1).

[11] *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988); *see also Hoy*, 720 A.2d at 753.

[12] *Hoy*, 720 A.2d at 754 (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)).

[13] *Small v. Juniata College*, 682 A.2d 350, 355 (Pa. Super. Ct. 1996).

[14] *See Salerno v. Phila. Newspapers, Inc.*, 546 A.2d 1168, 1172 (Pa. Super. Ct. 1988) (collecting cases).

defamatory article suggesting Cheney was involved in a sex scandal cannot support a cause of action for intentional infliction of emotional distress. Thus, the District Court did not err in dismissing Cheney's intentional infliction of emotional distress claim.

IV.

For the foregoing reasons, we will affirm the order of the District Court.